## DANITA FERNANDEZ *v.* STANDARD FIRE INSURANCE COMPANY
## (15511)

Heiman, Spear and Freedman, Js.

Argued November 7, 1996—officially released February 11, 1997

*Donald E. Freeman,* for the appellant (plaintiff).

*Rodd J. Mantell,* with whom, on the brief, was *Eugene A. Cooney,* for the appellee (defendant).

HEIMAN, J. The plaintiff appeals from the judgment of the trial court granting the defendant's motion for summary judgment. On appeal, the plaintiff asserts that there are genuine issues of material fact as to whether the plaintiff's injuries were caused by her sexual relationship with Charles Landon and whether Charles Landon intended the plaintiff's injuries. The plaintiff further asserts that the trial court improperly determined, as a matter of law, that the plaintiff's injuries were not covered by the defendant's insurance policy because

the plaintiff's injuries were not caused by "an occurrence" as that term is defined in the insurance policy. We affirm the judgment of the trial court.

The following facts are necessary for a proper resolution of this appeal. In 1989, Charles Landon and Annemarie Landon hired the plaintiff to babysit for their son. In 1989, the plaintiff was thirteen years old and Charles Landon was an adult. During 1989, Landon had sexual intercourse with the plaintiff on over thirty occasions. As a result of these sexual encounters, the plaintiff suffered severe psychological damage, physical injury and social stigma.

At the time of the sexual assaults, Landon had a homeowner's insurance policy issued by the defendant, Standard Fire Insurance Company, that covered any claims brought against the insured for damages because of bodily injury or property damage caused by "an occurrence." The policy defines "occurrence" as an "accident, including exposure to conditions, which results, during the policy period, in bodily injury . . . . ."

In 1990, the plaintiff[1] brought an action against Landon in two counts asserting, first, a negligence claim and, second, an intentional tort cause of action. The defendant provided Landon's defense while reserving its right to deny coverage. The trial court, *Blue, J.*, found for Landon on the negligence claim and found for the plaintiff on the intentional tort claim, awarding the plaintiff $521,174.75 in damages.

The plaintiff then brought the present subrogation action against the defendant seeking payment of the judgment entered against Landon. The plaintiff asserted (1) that the defendant had breached its contract with

---

[1] The plaintiff was a minor in 1990 and thus her parents brought the civil action against Landon on her behalf.

Landon by failing to pay the judgment entered against him, and (2) that the defendant breached the implied covenant of good faith and fair dealing when it failed to make reasonable attempts to settle the claim against Landon within its policy limits.

The defendant moved for summary judgment on both counts, asserting that there was no issue of material fact because the insurance policy did not provide coverage for this loss. The defendant argued that because there was no coverage, there could be neither a breach of contract nor a bad faith refusal to settle the case. The trial court, *Sheldon, J.,* granted the defendant's motion for summary judgment on the ground that "there is no genuine issue of material fact that intentional sexual misconduct by an insured is not an 'occurrence' to which coverage extends under the terms of the subject policy." This appeal follows.

"We initially note the standard of review of a trial court decision granting a motion for summary judgment. Practice Book § 384 mandates that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A material fact is a fact that will make a difference in the result of the case. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citation omitted; internal

quotation marks omitted.) *Sylvestre* v. *United Services Automobile Assn. Casualty Ins. Co.*, 42 Conn. App. 219, 222, 678 A.2d 1005, cert. granted on other grounds, 239 Conn. 916, 682 A.2d 1014 (1996).

Here, the plaintiff asserts that whether her injuries were caused by Landon's sexual misconduct, and whether Landon's sexual misconduct was intentional represent genuine issues of material fact. Thus, the plaintiff's injuries may have been caused by an accidental occurrence and may be covered by the insurance policy. We disagree.

"Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." (Citations omitted; internal quotation marks omitted.) *Aetna Casualty & Surety Co.* v. *Jones*, 220 Conn. 285, 296, 596 A.2d 414 (1991).

Here, after a full adversary proceeding, the trial court, *Blue, J.*, determined that Landon's acts of sexual misconduct caused the plaintiff's injuries,[2] and that these acts of sexual misconduct were intentional.[3] These determinations as to causation and intent were neces-

---

[2] Judge Blue determined: "[I]t is clear to me that as a result, as a direct result of this terribly wrong relationship, that [the plaintiff], among other things was robbed of the ability to know what love is . . . . Consent is not in any way a defense to the charge of sexual assault in the second degree, which this appears to have richly deserved to be called. And, in terms of tort, it seems to me that this . . . this was the intentional tort of rape . . . . This is a child who has lost her childhood . . . as an approximate result of the criminal acts of [Charles Landon]."

[3] Judge Blue determined: "I feel that there is overwhelming evidence, indeed there is proof beyond a reasonable doubt, if that standard were even necessary, that . . . Charles Landon intentionally had intercourse with the minor plaintiff."

sary to the trial court's judgment that Landon had committed the intentional tort of sexual assault.[4] Thus, the issues of causation and intent were actually litigated and necessarily determined by the trial court, *Blue, J.*

"In order for collateral estoppel to bar the relitigation of an issue in a later proceeding, the issue concerning which relitigation is sought to be estopped must be identical to the issue decided in the prior proceeding." Id., 297.

The trial court, *Blue, J.*, necessarily determined that Landon's repeated sexual assaults of the plaintiff caused her injuries, and that those sexual assaults were intentional. The plaintiff claims that there are genuine issues of material fact as to what caused the plaintiff's injuries and whether Landon intended to cause harm to the plaintiff. Therefore, it is clear that the plaintiff is attempting to relitigate in this proceeding the identical issues of causation and intent previously fully litigated and necessarily determined by the trial court, *Blue, J.*

"Collateral estoppel may be invoked against a party to a prior adverse proceeding or against those in privity with that party. . . . A key consideration in determining the existence of privity is the sharing of the same legal right by the parties allegedly in privity." (Citations omitted; internal quotation marks omitted.) Id., 303. Here, the plaintiff brought the subrogation action pursuant to General Statutes § 38a-321.[5] Because the plaintiff is

---

[4] The elements of the intentional tort of sexual assault for which Landon was found liable are "[a] harmful or offensive contact with a person, intended to cause the plaintiff . . . to suffer such a contact, resulting from an act . . . ." W. Prosser & W. Keeton, Torts (5th Ed. 1984) § 9, p. 39.

[5] General Statutes § 38a-321 provides in relevant part: "Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death or damage to property, if the defendant in such action was insured against such loss or damage at the time when the right of action arose and if such judgment is not satisfied within thirty days after the date when it was rendered, such judgment creditor shall be subrogated to all

a judgment creditor and subrogee of Landon, § 38a-321 specifically grants the plaintiff a right, identical to the right of Landon, to recover on the insurance policy. The rights of the plaintiff are entirely dependent on and limited by the rights of Landon. Therefore, we conclude that the plaintiff and Landon share a legal interest and are thus in privity. See *Aetna Casualty & Surety Co.* v. *Jones,* supra, 220 Conn. 305–306.

We conclude that the plaintiff is collaterally estopped from relitigating the issues of intent and causation, which were fully litigated and necessarily decided in the underlying action. Thus, there are no genuine issues of material fact in the subrogation action and the trial court properly determined that, as a matter of law, the plaintiff's injuries are not covered by the insurance policy. We conclude that the trial court properly granted the defendant's motion for summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.

the rights of the defendant and shall have a right of action against the insurer to the same extent that the defendant in such action could have enforced his claim against such insurer had such defendant paid such judgment."