[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, John Delorenzo, brings this action against the defendant, North American Bank Trust Co., seeking to recover for injuries allegedly sustained as a result of a fall from the roof of the defendant's building. Presently before the court is the defendant's motion for summary judgment.
In the one count complaint, the plaintiff alleges the following facts. On March 31, 1994, the plaintiff tripped and fell on property owned, maintained and controlled by the defendant, thereby sustaining injuries as a result of the CT Page 5503 defendant's alleged negligence. He alleges that the defendant was negligent in failing to remove hazardous abandoned materials from the property.
In support of its motion for summary judgment, the defendant submitted a memorandum of law and the defendant's request for admissions by the plaintiff. The plaintiff never responded to the request for admissions. The defendant claims that the plaintiff's failure to respond results in the requests being deemed admitted, and the admissions demonstrate that no genuine issue exists as to any material fact, entitling the defendant to judgment as a matter of law.
The plaintiff has filed an objection and memorandum in opposition to the defendant's motion for summary judgment. The plaintiff has also submitted copies of photographs of the defendant's property which show debris on the ground along the rear of the property and an uncertified copy of an excerpt from the plaintiff's deposition testimony. The plaintiff offers such deposition testimony to show that "there was more to the plaintiff's testimony than indicated." The plaintiff did not file any affidavits in opposition to the motion for summary judgment.
"Summary judgment procedure, generally speaking, is an attempt to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dress trial."Orenstein v. Old Buckingham Corp., 205 Conn. 572, 574 (1987). "Practice Book § 384 mandates that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A material fact is a fact that will make a difference in the result of the case. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." Fernandez v. Standard Fire Ins. Co.,44 Conn. App. 220, 222 (1997). "[A] directed verdict may be rendered CT Page 5504 only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Emphasis omitted.) Miller v. United TechnologiesCorp., 233 Conn. 732, 752 (1995). "Although directed verdicts are generally disfavored . . . they are appropriate when the plaintiff has failed to produce any evidence of an essential element of his cause of action." (Citation omitted.) Fursteinv. Hill, 218 Conn. 610, 627 (1991).
Pursuant to Practice Book § 239, a party's failure to respond to a request for admissions results in the requests being deemed admitted. Gagne v. National Railroad PassengerCorp., 26 Conn. App. 74, 77, cert. denied, 220 Conn. 932 (1991). Moreover, if the party does not "attempt to withdraw or amend [his] admissions pursuant to Practice Book § 240 . . . the facts recited in the requests for admission are conclusively established." (Emphasis added; internal quotation marks omitted.) Id. "The granting of summary judgment can be based on admissions resulting from a party's failure to respond to requests for admissions." Id., citing Orenstein v. Old Buckingham Corp.,
supra, 205 Conn. 575-77; Allied Grocers Cooperative, Inc. v.Caplan, 30 Conn. App. 274, 280 (1993) (finding trial court properly granted summary judgment on the basis of party's unanswered admissions.)
The defendant sought the following admissions from the plaintiff: (1) That on March 31, 1994, the plaintiff climbed onto the roof of a building owned, controlled and possessed by the defendant; (2) that he gained access to the roof by climbing a tree; (3) that while on the roof, the plaintiff tripped over an unknown object and fell from the roof; (4) that he never saw the object on which he tripped; and (5) the injuries claimed in this action were sustained when the plaintiff struck debris adjacent to the defendant's building after falling from the roof. The plaintiff failed to respond to these requests and has not attempted to withdraw or amend his admissions. Therefore, the facts recited in the defendant's request for admissions are deemed conclusively established and the court relies on those facts in deciding the present motion for summary judgment. See Practice Book § 240.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RK Constructors, Inc. v. Fusco Corp.,
CT Page 5505231 Conn. 381, 384 (1994); W. Prosser W. Keeton, Torts (5th Ed. 1984) § 30, pp. 164-65. "In a negligence action . . . [a] causal relation between the defendant's wrongful conduct and the plaintiff's injuries is a fundamental element without which a plaintiff has no case." Teitelman v. Bloomstein, 155 Conn. 653, 657 (1967).
In this case the plaintiff cannot possibly sustain his burden of proving the defendant's wrongful conduct because the court must find as a result of his admissions that he never saw the object over which he tripped.
 In contrast to answers to interrogatories or in depositions, a party's answers in response to a request for admissions are judicial admissions . . .
C. Tait J. LaPlante, Connecticut Evidence (2d Ed. 1988), § 6.7.2. A judicial admission is conclusive on the party making the admission. Jones Destruction, Inc. v. Upjohn,161 Conn. 191, 199 (1971); King v. Spencer, 115 Conn. 201, 204 (1932). Because these judicial admissions are conclusive, they cannot be disputed by the uncertified deposition excerpt submitted by the plaintiff.
A possessor of property is liable to a gratuitous licensee only if he knows of a dangerous condition on the property.Corcoran v. Jacovino, 161 Conn. 462, 467 (1971). As a result of his admissions, the plaintiff cannot prove the nature of the object on which he tripped. He therefore cannot establish that the condition of the roof was dangerous. Nor can he establish the defendant's knowledge of the condition or object on the roof, a necessary element of his cause of action. Id. Given that the plaintiff cannot establish that his fall from the roof was caused by the defendant's negligence, the condition of the ground adjacent to the building is irrelevant.
While summary judgment is generally ill-suited to negligence cases because of the mixed questions of law and fact;Spencer v. Good Earth Restaurant Corp., 164 Conn. 194, 198
(1972); it is clear here based on the plaintiff's admissions that he cannot establish at trial that the defendant was negligent because he does not know what object he tripped over on the roof. Accordingly, the defendant's motion for summary judgment is granted. (The court notes that summary judgment in favor of the defendant might also enter on the alternative ground that the plaintiff was a trespasser on the defendant's CT Page 5506 roof and one in possession of property does not owe any duty to a trespasser, Greene v. DiFazio, 148 Conn. 419, 422 (1961) although this ground was not claimed by the defendant.)
VERTEFEUILLE, J.