[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGEMENT CT Page 3646
This is an action brought by a seriously injured passenger against the owner and driver of a tractor trailer truck that was struck by a vehicle in which he was riding. The auto in which the plaintiff was riding, which was operated by Scott Haversat, struck the rear of the tractor trailer. The plaintiff makes various claims of negligence against the driver of the truck claiming that his negligence was the proximate cause of his injuries. Both the defendant driver and owner of the truck have filed this motion for summary judgment claiming there is no genuine issue of material fact and that the defendants are entitled to judgment as a matter of law.
In order for the defendant to prevail they have the burden of showing that there is no genuine issue of a material fact. "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts, which. under applicable principles of substantive law, entitle him to a judgment as a matter of law." Fernandez: v. Standard FireInsurance Company, 44 Conn. App. 220, 222, 688 A.2d 349 (1997).
The parties do not dispute that the defendant truck was on Route 10 in Cheshire, Connecticut and prior to the collision was proceeding in a northerly direction. The parties also agree that at the time of the collision, the truck was located at a traffic signal at the entrance ramp to Route 691. At or about the scene of the accident, Route 10 had two lanes of travel in the northerly direction. The defendant truck was located in the right lane of travel just in front of the traffic light. At the time of the accident there were no vehicles in the left lane of travel proceeding north. There is no dispute that prior to the accident the plaintiff's vehicle was proceeding in a northerly direction on Route 10 in the left lane of travel behind the defendant truck. The parties do dispute whether the truck was moving, whether it had its left signal on and when the plaintiffs driver saw the truck In considering a motion for summary judgment the court must rely on the facts most favorable to the non-moving party. "A trial court must view the evidence in the light most favorable to the non-moving party" when deciding a motion for summary judgment. Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1991); Remingtonv. Aetna Casualty Surety Co., 35 Conn. App. 581, 583,646 A.2d 266 (1994). CT Page 3647
If the court considers the facts in the light most favorable to the plaintiff the court must consider the defendant truck stopped in the right lane of travel, that he did not have his signal light on, and that he was stopped at a green traffic signal. These are the facts that the driver of the plaintiff's vehicle, Scott Haversat, testified to in his deposition. He also testified that as he was approached the truck it did have its lights on and that he first noticed it when he was somewhere between 20 feet and a half mile from it. Transcript p. 60. He proceeded at 30 miles an hour and he began to slow down when he was more than 50 feet away from the truck. Transcript p. 62. He further claimed that the truck sat at the light the "whole time" and was fully in the right lane of travel. Transcript p. 54. Mr. Haversat saw that the truck was stopped and that the traffic light was green at the time. Transcript p. 65.
If the court assumes all these fact to be true, as it must, in considering this motion for summary judgment, could the defendant be held in any way responsible for this accident? Or to adopt the test of the Supreme Court, would a court direct a verdict if this was the most favorable evidence presented to a jury? Fernandezv. Standard Fire Insurance Company, 44 Conn. App. 220,688 A.2d 349 (1997). "The test is whether a party would be entitled to a directed verdict on the same facts." (Citation omitted; internal quotation marks omitted.) Sylvestre v. UnitedServices Automobile Assn. Casualty Ins. Co., 42 Conn. App. 219,222, 678 A.2d 1005, cert. granted on other grounds,239 Conn. 916, 682 A.2d 1014 (1996). Given these facts the court would direct a verdict in favor of the defendants. The plaintiff offers no reasonable explanation why the driver Haversat did not attempt to stop his vehicle when he first saw the truck or move into the left lane when he first saw the truck.
The Plaintiff has alleged two statutory violations which are claimed to be negligence per se. One is a violation of C.G.S. 14-220
which provides for a minimum speed on a "limited access divided highway". There is no question that Route 10 in Cheshire, the location of the accident, is not a limited access divided highway. In fact the police report attached to the plaintiffs memorandum in support of his objection to the instant motion, designates it as Highland Avenue.
The other statute allegedly violated is C.G.S. 14-230 which provides that a vehicle proceeding at less than normal speed shall be driven in the right hand lane or as close as practicable CT Page 3648 to the right hand curb. The defendant truck in this case was in the right hand lane. The problem the plaintiff faces in this case both with his allegations of statutory negligence and his claims of common law negligence is the question of proximate cause. The real question is even if the defendant was negligent in stopping in the right lane of travel at the location in question, was this negligence the proximate cause of the collision? Proximate cause "becomes a question of law only when the mind of a fair and reasonable person could reach only one conclusion. . . . The question should be submitted to the trier of fact if there is room for a reasonable disagreement." (Citation omitted; internal quotation marks omitted.) Hall v. Winfrey, 27 Conn. App. 154,158, 604 A.2d 1334, cert. denied, 222 Conn. 903, 606 A.2d 1327
(1992). Sharp v. Wyatt, Inc., 31 Conn. App. 824, 627 A.2d 1347
(1993).
In this case the court does not feel reasonable people could differ. There is no room for a reasonable disagreement. The only conclusion that could be reached is that the driver of the truck is in no way responsible for this accident. This court finds as a matter of law therefore that the defendant was not the proximate cause of the collision. The driver saw the parked truck. Haversat admits when he first saw the truck at a distance of between 50 feet and a half mile, he saw lights on the truck. There was no argument or claim made by the plaintiff that Mr. Haversat could not have moved into the left lane of travel at the time when he first saw the truck or that traffic in that lane prevented that action. There is no reasonable explanation why Mr. Haversat elected to stay in this lane of travel, why he did not stop his vehicle or why he waited until he was so close to the truck before he attempted to turn. The defendant's actions were not the proximate cause of this accident and if a jury found otherwise the court would grant a motion for a directed verdict. The court, therefore, will grant the defendant's Motion for Summary Judgment.
Pellegrino, J.