MEMORANDUM OF DECISION ON DEFENDANT LAWRENCE & MEMORIAL HOSPITAL’S MOTION FOR SUMMARY JUDGMENT
GUERNSEY, C.J.
In her Amended Complaint dated March 10, 2009, the Plaintiff claims that on or about January 25, 2007 she was a member of the Employee Fitness Center located at the Mohegan Sun and that while using a treadmill, it began to speed up, causing her to skid off the treadmill and suffer injuries. The Defendant Lawrence & Memorial Hospital[1] (hereafter Lawrence & Memorial) is alleged to have provided training to the Plaintiff through one of its employees “[s]ome time prior to January 25, 2007”[2]. The allegations of negligence addressed to Lawrence & Memorial fall into two general areas: failure to train its employees in the safe and proper operation of the exercise equipment, and failure of the employees to train “those individuals who they were responsible to train and instruct” (presumably this means the Plaintiff) in the safe and proper use of the exercise equipment.[3]
Lawrence & Memorial has moved for summary judgment on three grounds: 1) plaintiffs Complaint is barred by the applicable statute of limitations; 2) Lawrence & Memorial neither purchased nor maintained the treadmill; and 3) The Plaintiff executed an effective waiver of her right to sue Lawrence & Memorial. In support of its motion, Lawrence & Memorial submitted, inter alia, the Affidavit of Lynn McCarthy (the Lawrence & Memorial employee identified as the one who trained the Plaintiff[4]) asserting that the Plaintiff executed “Informed Consent for Exercise Participation” forms on March 18, 2003 and July 26, 2004, and that “training on the use of the treadmill was given at the time Plaintiff signed the consent form”.[5] The Plaintiff submitted no docu *142 ments whatsoever to “[set] forth specific facts showing that there is a material issue for trial”, MRCP § 49(c), claiming at oral argument to incorporate the deposition testimony of the Plaintiff set forth in the transcript attached to the Defendant’s Memorandum of Law.
As for Lawrence & Memorial’s second claim, that it did not purchase or maintain the treadmill, the same is uncontroverted, but there is no allegation against this Defendant based on the purchase or maintenance of the treadmill. As for its third claim, that the Informed Consent forms constituted an effective waiver of the right to sue for negligence, this Court need not delve into the issue of whether the Informed Consent language, stronger than that rejected in Hyson v. White Water Mountain Resorts of Connecticut, Inc., 265 Conn. 636, 829 A.2d 827 (2003), but still not containing the specific reference to negligence approved in Hyson, does or does not constitute an effective waiver, inasmuch as the Plaintiff has clearly failed to establish that there exists a genuine issue of material fact as to the Defendant’s first claim, that the claims against it are barred by the applicable statute of limitations, Conn. Gen.Stat. § 52-584.

STANDARD FOR SUMMARY JUDGMENT

Motions for summary judgment are governed by MRCP § 49(g) (and its almost identical State counterpart, Conn. Prac. Bk. § 17-49):
(g). Judgment. Judgment shall be rendered forthwith if the pleadings and any other proof show that there is no genuine issue as t any material fact and that the moving party is entitled to judgment as a matter of law.
“Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue, [citations omitted]. It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. “Mere assertions of fact ... are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380”. Daily v. New Britain Machine Company, 200 Conn. 562, 568-69, 512 A.2d 893 (1986). As to what constitutes a material fact, and the relative burdens, the standard is well established:
“A material fact is a fact that will make a difference in the result of the case.... The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law ... and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact.” (Internal quotation marks omitted.) Fernandez v. Standard Fire Ins. Co., 44 Conn.App. 220, 222, 688 A.2d 349 (1997). “In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.... The test is whether a party would be entitled to a directed verdict on the same facts.” (Citation omitted; internal quotation marks omitted.) Crystal Lake Clean Water Preservation Assn. v. Ellington, supra [53 Conn.App.142], at 146, 728 A.2d 1145 [(1999)].
Sullivan v. Yale-New Haven Hospital, Inc., 64 Conn.App. 750, 764, 785 A.2d 588 (2001).

THE APPLICABLE STATUTE OF LIMITATIONS

Both parties are in agreement (as is the Court) that in actions brought to the Gam *143 ing Disputes Court “tort claims against non-Tribal defendants ... remain subject to State law statutes of limitations,” Joseph Lubrano, Et Al. v. Brennan Beer Gorman Architects, Et Al., 1 G.D.A.P. 48, 57, 7 Am. Tribal Law 369 (2008), which in this case is the two year statute of limitations and three year statute of repose set forth in Conn. Gen.Stat. § 52-584:
Sec. 52-584, Limitation of action for injury to person or property caused by negligence, misconduct or malpractice. No action to recover damages for injury to the person, or to real or personal property, caused by negligence . .. shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of ...

DISCUSSION

At oral argument, Plaintiffs counsel argued that its response to Defendant’s Motion for Summary Judgment incorporated the transcript of the deposition of the Plaintiff.[6] Assuming for the moment that this procedure satisfies MRCP § 49(c),[7] the fact remains that according to this transcript the Plaintiff was never asked, and never testified, as to whether or not she received training on any given date.[8] The subject about which the Plaintiff is quite specific, however, is how familiar she was with treadmill operation:
Q. Was this the same type of treadmill you had used on prior occasions?
A. Same one as I have at home, actually-
Q. So as a general proposition you were familiar with how[7] the treadmill worked?
A. Oh, yes.[9]
And again, when discounting the statements of other witnesses:
A. They are inaccurate. I don’t know who these people are.
Q. Okay.
A. I’m not inexperienced on a treadmill.
Q. Did you say you’re not experienced or you’re inexperienced?
A. I’m not inexperienced. I have two at home.[10]
During oral argument, Plaintiffs counsel argued strongly that the claim against Lawrence & Memorial Hospital was based on a total failure to provide instruction at the time the membership was renewed, which counsel claimed was either January 23 or January 25, 2007. As already noted, there is no evidence to support this claim, either in Defendant’s sub *144 mission or accompanying Plaintiffs Memorandum of Law.[11] Moreover, this was not the apparent claim set forth in Count Two of Plaintiffs Amended Complaint, which alleged that training was given but that it was not adequate.[12]
Given that the Defendant Lawrence & Memorial Hospital has properly pleaded the Statute of Limitations as a special defense, a motion for summary judgment is appropriate. “Summary judgment may be granted where the claim is barred by the statute of limitations.” Doty v. Mucci, 238 Conn., 800, 806, 679 A.2d 945 (1996). In the instant case, “the affidavits do not set forth circumstances which would serve to avoid or impede the normal application of the particular limitations period,” Collum v. Chapin, 40 Conn.App. 449, 453, 671 A.2d 1329 (1996). The latest date upon which allegedly inadequate training was given is July 24, 2004, the date upon which the time limitations set forth in Conn. Gen.Stat. § 52-584 would begin to run. Even if the operative date for statute of limitations purposes was the date of Plaintiffs original Motion to Cite in Additional Party[13], this was not filed until August 15, 2008, beyond even the three year period of repose set forth in Conn. Gen.Stat. § 52-584.[14]
*145 Inasmuch as the cause of action against Lawrenee & Memorial is barred by Conn. Gen.Stat. § 52-584, Defendant’s Motion for Summary Judgment is granted.

. By agreement of the parties, the Defendant Lawrence & Memorial Hospital was substituted for Sound Medical Associates, P.C., which had made a party defendant upon Plaintiff's Motion to Cite in Additional Party and served with process on February 10, 2009.

. Plaintiff’s Amended Complaint/Count Two, paragraph 4.

. Plaintiffs Amended Complaint, Count Two, paragraph 6(a) and 6(b).

. Plaintiff’s Amended Complaint, Count Two, paragraph 4.

. Affidavit of Lynn McCarthy, Exhibit D to Defendant’s Motion for Summary Judgment, Paragraphs 2, 3 and 4.

. This is nowhere set forth in Plaintiff's Memorandum of Law, although Plaintiff does quote from other exhibits attached to Defendant's Motion, and refers to matters to which the Plaintiff testified, without notifying the Court of the particular reference in the transcript.

. In the future parties opposing a motion for summary judgment would be well advised to follow § 49 of the Mohegan Rules of Civil Procedure.

. The testimony which Plaintiff claims refutes the Affidavit of Lynn McCarthy is set forth at page 18 and consists, in its entirety, of the following: "I was just starting to work out. It had been maybe a year since I had been there 'cause my membership had changed.”

. Transcript at 24.

. Transcript at 45,

. Although it would have been a simple matter to file an affidavit from the Plaintiff to this effect, this was not done. While nothing is gained by speculation as to the reason for this, it is clear that any affidavit alleging that there was a failure to train and that the same caused Plaintiff’s injuries would be contrary to Plaintiff’s claimed expertise with treadmills.

. The operative allegations against Lawrence & Memorial Hospital are as follows:
4. Some time prior to January 25, 2007 the plaintiff received training as to the use of the equipment located in the Employee Health Center from Lynn McCarthy, an employee, agent or servant of the defendant, Lawrence & Memorial Hospital.
6. The plaintiff, Barbara Breece’s, injuries and damages were caused by the negligence and carelessness of the Defendant, Lawrence & Memorial Hospital, its agents, servants or employees, in one or more of the following ways, in that they:
a. Failed to adequately and properly train its employees in the safe and proper operation of the equipment located in the Employee Health Center at Mohegan Sun;
b. Failed to adequately train those individuals who they were responsible to train and instruct as to the safe and proper use of the equipment located in the Employee Health Center at Mohegan Sun.
Plaintiff’s Amended Complaint, Count Two, Although it is possible to read Paragraph 6(b) as referring to a failure to provide any training at all, the inconsistency with paragraph 4 makes it unlikely that such was the intended allegation.

. There would be authority for concluding that service of process on Sound Medical Associates was notice to Lawrence & Memorial Hospital, in light of the apparent close relationship between the two. Longhenry v. City of Groton, 1998 WL 914266 (Martin, J., Superior Court, Dec. 15, 1998), but even in that event the complaint is barred by Conn, Gen. Stat. § 52-584. No identity or relationship between the original sole defendant, the Mohegan Tribal Gaming Authority, and Sound Medical Associates has been shown such that notice to the MTGA would in effect be notice to Sound Medical, Gurliacci v. Mayer, 218 Conn. 531, 546-48, 590 A.2d 914 (1991).

. Neither party has filed with the Court any evidence indicating whether or not the Plaintiff is entitled to the benefit of the additional year for actions brought from the date the alleged negligence "in the exercise of reasonable care should have been discovered”, Conn. Gen.Stat. § 52-584, but in the instant case the action is barred under either the two or three year statute of limitations. As such, this Court need not consider any argument that the filing of a Motion to Cite In has any tolling effect, as was advanced (unsuccessfully) in Pinto v. Zieba, Et Al, 2000 WL 1056676 (Tierney, J., July 10, 2000).