WILLIAM PALUMBO *v.* GEORGE PAPADOPOULOS
(12916)

FOTI, LANDAU and SPEAR, Js.

Argued November 29, 1994—decision released February 14, 1995

*Donald W. Celotto, Jr.,* with whom, on the brief, was *R. Eugene Torrenti,* for the appellant (plaintiff).

*Timothy D. Miltenberger,* with whom, on the brief, was *E. Huntington Deming,* for the appellee (defendant).

FOTI, J. The plaintiff appeals from the judgment for the defendant rendered after a trial to the court. He claims that the trial court improperly concluded that the defendant had established the applicability of the doctrine of equitable estoppel. We reverse the judgment of the trial court.

The facts, as reflected in the record, are essentially as follows. The plaintiff owned a 1988 Chevrolet Corsica, which he allowed his son, Robert Palumbo, to use. The defendant owned a 1970 Mercedes-Benz. On March 9, 1991, Robert Palumbo obtained the original certificate of title for the Corsica from his father's place of business, forged his father's name thereon, and drove to the defendant's place of business where he exchanged his father's car for that of the defendant. The defendant knew that Robert Palumbo was not the registered owner. The registered owner was William Palumbo. On March 12, 1991, the plaintiff notified the defendant that the Corsica was his and sought a rescission of the trade. He thereafter left the Mercedes-Benz

at the defendant's place of business. The defendant inquired of the police as to whether the Corsica had been reported stolen. He received a negative reply and refused to return the Corsica.

The defendant appeared pro se. Although the pleadings did not raise equitable estoppel as a defense, the case was tried under that theory, and the court framed the opinion on equitable grounds.[1] Cases are reviewed on the theory on which they were tried and decided. *Lashgari* v. *Lashgari*, 197 Conn. 189, 196, 496 A.2d 491 (1985); *Housatonic Valley Publishing Co.* v. *Citytrust*, 4 Conn. App. 12, 15, 492 A.2d 203 (1985).

Our law is well established that any claim of estoppel must be predicated on proof of two essential elements: (1) the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and (2) the other party must change its position in reliance on those facts, thereby incurring some injury. *Lunn* v. *Tokeneke Assn., Inc.*, 227 Conn. 601, 607, 630 A.2d 1335 (1993); *O'Sullivan* v. *Bergenty*, 214 Conn. 641, 648, 573 A.2d 729 (1990). The party claiming estoppel has the burden of proof and whether that burden has been satisfied in a particular case is an issue of fact. *Middlesex Mutual Assurance Co.* v. *Walsh*, 218 Conn. 681, 699, 590 A.2d 957 (1991).

The plaintiff argues that there was no evidence presented to satisfy the first prong of the test, that is, that he did or said something calculated or intended to

---

[1] No written memorandum of decision was filed by the trial court. An oral memorandum of decision, however, signed by the court, was entered on September 24, 1993, wherein the court stated that "the effort is by the plaintiff to blame everything on this defendant . . . . That's just inequitable. . . . I am trying to think of something that developed here that would indicate that this defendant is not entitled to that consideration, or entitled to have the equities viewed in that fashion, but I can't."

induce the defendant to believe that Robert Palumbo had authority to convey title to the Corsica. We agree.

The scope of our judicial review where the legal conclusions of the court are challenged is to "determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts [found] . . . are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

Applying these principles to the present case, we note that the trial court found that the plaintiff's son had forged the plaintiff's name on the certificate of title. He then told the defendant that the car was his but that his father had placed his own name on the certificate of title for insurance purposes. The only factors relevant to the first element of the estoppel claim were that the plaintiff allowed his son to drive the Corsica, and that he left the certificate of title at his place of business where his son obtained it. These facts are insufficient to demonstrate that the plaintiff did anything to induce the defendant to believe that he had signed the certificate of title, or had authorized his son to convey title. The conclusion of the trial court, as to the applicability of equitable estoppel, is not supported by the facts found. For estoppel to exist, there must be misleading conduct resulting in prejudice to the other party. *John F. Epina Realty, Inc.* v. *Space Realty, Inc.*, 194 Conn. 71, 85, 480 A.2d 499 (1984). No such misleading conduct was demonstrated in this case.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.