[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT NEW HAMPSHIRE INSURANCE COMPANY'SMOTION FOR SUMMARY JUDGMENT
FACTS AND PROCEDURAL HISTORY
The plaintiff in this action is Louis Cornelio. The defendants are New Hampshire Insurance Company (NHIC), Woodmansee Insurance, and Robert Kozikowski. The plaintiff filed an eight-count complaint[1] alleging the following.
In 1990, Kozikowski owned and operated a business called the Bristol Bowl, which was located at 294 Middle Street in Bristol. Cornelio held a mortgage for the real property at 294 Middle Street in Bristol, as collateral for a promissory note between himself and Victor Basile[2]. Cornelio owned and rented the bowling alleys, settees, bowling machines and telescores to Kozikowski.
On March 10, 1990, NHIC issued an insurance policy to Basile and Kozikowski which protected them against "specified risks". Cornelio was named an additional insured on the policy. On April 16, 1990, a fire partially destroyed the Bristol Bowl and completely destroyed the bowling alleys, settees, bowling machines and telescores. On April 30, 1990, on behalf of himself and Cornelio, Basile provided NHIC with a proof of loss as required pursuant to policy provisions.
To this date NHIC has refused to pay Cornelio's claim of $193,391.93. In the first count, Cornelio is suing for breach of the insurance contract.
In the second count, Cornelio alleges that on September 19, 1990, NHIC accepted his claim and agreed to pay him the amount due. Subsequently, NHIC retracted its promise to pay Cornelio's damage claim. Cornelio alleges that in reliance on NHIC's promise to make payment, he expended money on other matters and was unable to replace the bowling alleys, settees, bowling machines and telescores and further changed his position to his detriment.
NHIC has filed a motion for summary judgment, NHIC has filed a motion for summary judgment, asserting that no genuine issues of material fact exist and that it is entitled to summary judgment as a matter of law.
CT Page 4333 LAW AND CONCLUSION
"Pursuant to Practice Book § 384, summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507
(1994). The moving party has the burden of presenting evidence that shows that no material fact exists. The opposing party, however, is also required to substantiate its adverse claim by disclosing the existence of such an issue. Haesche v. Kissner, 229 Conn. 213, 217, 640 A.2d 89
(1994). The test is whether a party would be entitled to a directed verdict on the same facts. Suarez v. DickmontPlastics Corp., 229 Conn. 99, 105, 639 A.2d 507 (1994). "A directed verdict is justified if on the evidence the jury could not reasonably and legally have reached any other decision." Gore v. People's Savings Bank,35 Conn. App. 126, 129, ___ A.2d ___ (1994).
Count 1 — Breach of Contract
The motion is denied as to count one, because the court finds that there is a material question of fact as to whether Cornelio is entitled to coverage under the contract. In this count Cornelio alleges that he was "named an additional insured on such policy." In his memorandum, he argues that under the terms of the policy, NHIC is liable to him in the sum of $193,391.93. In response, NHIC argues that Cornelio is not "an additional insured" on the policy, and that his only interest is as a mortgage holder. Additionally, NHIC argues that a mortgagee can only collect under an insurance policy for property which is subject to the mortgage.
"The terms of an insurance contract are to be construed according to the general rules of contract."Griswold v. Union Labor Life Ins. Co., 186 Conn. 507, 512,442 A.2d 920 (1982). "It is well established that where the terms of an insurance contract are clear and unambiguous, the court must construe the contract in accordance with that meaning." Dewitt v. John Hancock Mut.Life Ins. Co., 5 Conn. App. 590, 593, 501 A.2d 768 (1985). Construction of a contract of insurance presents a question CT Page 4334 of law for the court. Heyman Assoc. v. Insurance Co. ofPa., 231 Conn. 756, ___ A.2d ___ (1995), Remington v.Aetna Casualty Surety Co., 35 Conn. App. 581, 585
___ A.2d ___ (1994). Disputes over the intent of the contract are questions of fact for the jury. Aetna Life andCasualty Co. v. Bulaong, 218 Conn. 51, 58, 588 A.2d 138
(1991).
There is no question that Cornelio is not an "additional insured" under the NHIC policy. The only mention of Cornelio in the policy was as a mortgage holder. Cornelio admitted in his deposition that he had never seen an insurance policy or notified the insurance company that he should be noted as an additional insured on the policy. Accordingly, Cornelio cannot recover from the insurance company as an additional insured under the policy.
Cornelio also argues that the bowling lanes and equipment were fixtures, machinery and equipment, and therefore subject to his mortgage interest. The NHIC policy, Section F-2, permits the mortgage holder to only recover "as interest may appear" in the mortgage. The bowling lanes and fixtures were clearly personal property. Cornelio rented the lanes to the plaintiff and alleged in his complaint that he owned the bowling alleys and equipment. In his deposition referring to the bowling alleys and equipment, Cornelio stated that he "kept it out", that "the lanes, the automatic pinsetters, the telescores, the approaches, the settees, those were not sold." All of these acts could be considered as confirming an intention that the bowling alley equipment was to remain personalty. See Merritt-Chapman Scott Corp. v. Mauro,171 Conn. 177, 186, 368 A.2d 44 (1976). Therefore, the trier may find that the bowling lanes and equipment were not fixtures, but personal property.
Finally, Cornelio argues that Section A(c)(1) of the building and personal coverage section allows him to recover as the owner of personal property of others. The policy reads that the insurer will "pay for direct loss to covered property. . . .", which includes "(c) Personal property of others that is: (1) in your care, custody, or control, and (2) located in or on the building described . . . ." The wording of the policy clearly states that Cornelio's personal property was covered under the policy. CT Page 4335 Where the terms of an insurance contract are clear and unambiguous, the court must construe the contract in accordance with that meaning. Dewitt v. John Hancock Mut.Life Ins. Co., supra, 593. Against this background, this court concludes that the plaintiff has raised a material question of fact as to whether he is entitled to coverage under Section A(c)(1) of the insurance contract. As previously stated, the motion for summary judgment is denied as to count one.
Count 2 — Promissory Estoppel
"Under the law of contract, a promise is generally not enforceable unless it is supported by consideration. E. Farnsworth, Contracts (1982) § 2.9, p. 89; A. Corbin, Contracts (1963) § 193, p. 188." D'Ulisse-Cupo v. Board ofDirectors of Notre Dame High School, 202 Conn. 206, 213,520 A.2d 217 (1987). When detrimental reliance is demonstrated by the promisee's action or forbearance, the detrimental reliance satisfies the necessity of consideration required for a valid contract. Finley v.Aetna Life and Cas. Co., 5 Conn. App. 394, 415, 499 A.2d 64
(1985). "Section 90 of the Restatement Second states that under the doctrine of promissory estoppel `[a] promise which the promisor should, expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. D'Ulisse-Cupo v. Board of Directors of Notre DameHigh School, supra, 213.
The law of promissory estoppel was recently discussed in Palumbo v. Papadopoulos, 36 Conn. App. 799, ___ A.2d ___ (1995):
 Our law is well established that any claim of estoppel must be predicated on proof of two essential elements: (1) the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and (2) the other party must change its position in reliance on CT Page 4336 those facts, thereby incurring some injury. Lunn v. Tokeneke Assn., Inc. 227 Conn. 601, 607, 630 A.2d 1335
(1993); O'Sullivan v. Bergenty, 214 Conn. 641, 648, 573 A.2d 729 (1990). The party claiming estoppel has the burden of proof and whether that burden has been satisfied in a particular case is an issue of fact. Middlesex Mutual Assurance Co. v. Walsh, 218 Conn. 681, 699, 590 A.2d 957 (1991).
Palumbo v. Papadopoulos, supra, 801.
In order to prove estoppel, the plaintiff must prove that he changed his position in reliance on NHIC's promise. The trier may or may not feel that NHIC's actions reached the level of a promise.
The plaintiff claims that he "changed his position" because in reliance on the promise, he did not take action against Basile and Kozikowski to seize control of the insurance proceeds. In addition, he states that he signed over $25,000 of insurance proceeds to Basile.
Here again, these facts may or may not reach the level of proof required under the standard of Palumbo, but nevertheless are sufficient to withstand summary judgment.
The court therefore finds that there exists a material question of fact and must accordingly deny summary judgment as to the second count.
Freed, J.