[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #109
The plaintiff, Wayne J. Murray, filed a six-count revised complaint against the defendant, Santa Fuel, Inc. The plaintiff alleges in count one that in September of 1993, the defendant through an authorized agent, servant or employee was offered employment as a Commercial Sales Representative. The plaintiff accepted employment as a commercial sales representative on or about October 25, 1993, and thereafter was promoted to Commercial Sales Supervisor in 1994 and Commercial Marketing Manager in 1995. The plaintiff also alleges that in 1996, he discovered that the defendant was selling slop/waste oil to a company in New York, and that these sales were being charged to the plaintiff's commercial sales division. The plaintiff allegedly called a meeting to request that the sale of slop/waste oil be charged to another division so that the commercial sales division would not show a loss. On October 2, 1996, the plaintiff's employment was terminated. The plaintiff alleges that: (1) the plaintiff relied on the defendant's promises to his detriment; (2) the defendant has been unjustly enriched by its actions; (3) the defendant made misrepresentations to the plaintiff; (4) the defendant wrongfully terminated his employment; (5) the defendant's actions constitute intentional infliction of emotional distress; and (6) the defendants actions constitute negligent infliction of emotional distress.
The defendant filed an answer to the revised complaint, and a certificate of closed pleadings and claim for jury form were filed on September 26, 1997 by the plaintiff. On November 25, 1998, the defendant filed a motion for summary judgment on the CT Page 5034 ground that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. The plaintiff filed an objection on the ground that the defendant failed to move for permission to file a motion for summary judgment pursuant to Practice Book § 17-44, and a separate objection directed to the substantive issues raised by the motion for summary judgment. The plaintiff has also submitted his own affidavit in opposition to the defendants motion for summary judgment. Reply and supplemental memoranda were filed by the parties, and the matter was heard by the court on February 8, 1999.
"In any action, except administrative appeals which are not enumerated in Section 14-7, any party may move for a summary judgment at anytime, except that the party must obtain the [judicial authority's] permission to file a motion for summary judgment after the case has been assigned for trial. These rules shall be applicable to counterclaims and cross complaints, so that any party may move for summary judgment upon any counterclaim or cross complaint as if it were an independent action. The pendency of a motion for summary judgment shall delay trial only at the discretion of the trial judge." Practice Book § 17-44. "The only restriction on a party seeking a summary judgment, according to § 379 [now § 17-44], is that `the party must obtain the [judicial authority's] permission to file a motion for summary judgment after the case has been assigned to trial.'" Fiaschetti v. Nash Engineering Co., 47 Conn. App. 443,446, 706 A.2d 476, cert. denied, 244 Conn. 906, 714 A.2d 2
(1998).
Here, there is no indication that this matter has been assigned a trial date. The defendant indicates in its reply memorandum this matter was assigned for trial on December 2, 1998, and is exposed for trial during the week of September 20, 1999. (Defendant's Response To Plaintiff's Objection To Defendant's Motion For Summary Judgment). The record indicates only that the plaintiff has requested that the matter be tried by a jury and that the plaintiff has paid the required fee. Accordingly, the plaintiff's objection to the defendants motion for summary judgment pursuant to Practice Book § 17-44 is overruled.
"Practice Book § 384 [nowPractice Book (1998 Rev.) § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show CT Page 5035 that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted.) Hertz Corp. v. Federal Ins.Co., 245 Conn. 374, 380-81, 713 A.2d 820 (1998). "The office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues." Burke v. Avitabile, 32 Conn. App. 765,772, 630 A.2d 624, cert. denied, 228 Conn. 908, 642 A.2d 297
(1993).
The defendant argues that the alleged promises made to the plaintiff are not sufficiently definite to support a claim for promissory estoppel. The defendant contends that the statements of encouragement made to the plaintiff by the defendant over the years are not enforceable, since they do not show that the defendant intended to enter into a contract with the plaintiff. The defendant also contends that the plaintiff has failed to show that he reasonably relied upon the alleged statements, since no reasonable person would rely on the statements as a promise that he or she was going to be made president of the company or have a job for life.
The plaintiff argues, further, that whether the words and conduct of the defendant manifested a promise to the plaintiff that his employment would not be terminated except for good cause and whether it was justifiable for the plaintiff to rely upon the words and conduct are questions of fact. He contends that as he was getting continuous positive feedback on a one-on-one basis from executives of the defendant regarding his future with the defendant, the plaintiff was justified in relying on the comments. The plaintiff also contends that his action in declining employment with another company demonstrates his forbearance in reliance on the defendant's promises and conduct.
"[A]ny claim of estoppel must be predicated on proof of two essential elements: (1) the party against whom estoppel is claimed must do or say something calculated or intended to induce CT Page 5036 another party to believe that certain facts exist and to act on that belief; and (2) the other party must change its position in reliance on those facts, thereby incurring some injury.
The party claiming estoppel has the burden of proof and whether that burden has been satisfied in a particular case is an issue of fact." (Citations omitted.) Palumbo v. Papadopoulos.36 Conn. App. 799, 801, 653 A.2d 834 (1995).
On a motion for summary judgment, "[t]he movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Miller v. United Technologies Corp. , 233 Conn. 732,751-52, 660 A.2d 810 (1995). Deciding whether promissory estoppel applies here would require the court to make factual determinations regarding the reasonableness of the plaintiff's reliance on the defendant's alleged promises, taking into consideration the circumstances surrounding the alleged promises and reliance. Such factual determinations are inappropriate on a motion for summary judgment. Therefore, the motion is denied as to count one.
The defendant argues that there is no evidence that the plaintiff was not paid or paid adequately for his services. The plaintiff counters that the unjust enrichment claim encompasses the goodwill he generated for the defendant, as well as his decision to forego another employment opportunity based on the defendants representation that it would match the other company's offer of employment.
"A right of recovery [for unjust enrichment] is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff. . . . Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs detriment. . . ." (Citation omitted; internal quotation marks omitted.) McNeil v. Riccio, 45 Conn. App. 466, 475, 696 A.2d 1050
(1997). "Connecticut courts have stated that all the facts of each case must be examined to determine whether the circumstances render it just or unjust. . . . to apply the doctrine of [unjust enrichment]. . . . Thus, whether the failure to pay the plaintiff for the benefit was unjust is a question of fact. Cf. PolverariCT Page 5037v. Peatt, 29 Conn. App. 191, 201, 614 A.2d 484, cert. denied,224 Conn. 913 (1992)." (Internal quotation marks omitted.) Gagne v.Vaccaro, Superior Court, judicial district of New Haven at New Haven, Docket No. 372611 (April 8, 1997, Licari, J.) (19 Conn. L. Rptr. 143, 147). See also Emerick v. Kuhn, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 460869 (May 7, 1996, Handy, J.), cert. denied, 234 Conn. 906,659 A.2d 1208 (1995) (question of fact for jury to decide whether, given plaintiff's claimed work sacrifices, defendants benefit therefrom rises to level of unjust enrichment).
The plaintiff's ability to prove the unjust enrichment claim involves the determination of factual issues which are inappropriately decided on a motion for summary judgment. Therefore, the defendant's motion for summary judgment as to count two is denied.
The defendant argues that although the plaintiff alleges that he was fraudulently induced to accept employment with the defendant, the complaint states that the alleged statements were made after the plaintiff started work. The defendant also argues that there is no evidence that any of the statements made by the defendant's representatives were false and known to be false when made. The defendant characterizes the representations at issue as inspirational or cheerleading comments rather than factual statements. The plaintiff's analysis of this claim is based on the law of negligent misrepresentation, rather than fraudulent misrepresentation.
The court need not decide whether the allegations in count three state a claim for fraudulent or negligent misrepresentation. "Whether evidence supports a claim of fraudulent or negligent misrepresentation is a question of fact."Citino v. Redevelopment Agency, 51 Conn. App. 262 273, ___ A.2d ___ (1998). The court cannot make factual rulings in favor of the defendant as a matter of law unless the alleged misrepresentations are so obviously deficient that no reasonable person would find in favor of the plaintiff. See Miller v. United TechnologiesCorp. , supra, 233 Conn. 751. Because reasonable minds can differ over the import of the alleged misrepresentations here, the defendant's motion for summary judgment as to count three is denied.
The defendant argues that the plaintiff has failed to allege that his discharge violated an important public policy. The CT Page 5038 plaintiff claims that his pleadings include allegations of unfair or deceptive trade practices by the defendant, including unethical business practices and fraud.
"In Sheets v. Teddy's Frosted Foods, Inc., [179 Conn. 471,480, 427 A.2d 385 (1980)], in an effort to balance the competing interests of employers and employees, [the Supreme Court] recognized a public policy limitation on the traditional employment at-will doctrine. . . . In Sheets, [the court] sanctioned a common law cause of action for wrongful discharge in situations in which the reason for the discharge involved impropriety . . ., derived from some important violation of public policy. . . . In Morris v. Hartford Courant Co., [200 Conn. 676,] 680, [513 A.2d 66 (1986)] [the court] recognized the inherent vagueness of the concept of public policy and the difficulty encountered when attempting to define precisely the contours of the public policy exception. In evaluating claims, [the court must] look to see whether the plaintiff has . . . alleged that his discharge violated any explicit statutory or constitutional provision . . . or whether he alleged that his dismissal contravened any judicially conceived notion of public policy." (Citations omitted.) Parsons v. United Technologies Corp. ,243 Conn. 66, 76-77, 700 A.2d 655 (1997).
The plaintiff has alleged no statutory or constitutional provision which the defendant violated. The plaintiffs own characterization of the alleged important public policy violation is that the defendant violated the Connecticut Unfair Trade Practices Act. The plaintiff has raised this alleged violation of an important public policy only after his own employment was terminated; however, there is no case where the court recognizes that an important public policy requires protection of employees who commit or conceal fraud during the course of their employment and fail to disclose the fraud until after their termination.Ferrato v. National Rental Car System. Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 549720, (July 18, 1996, Aurigemma, J). The plaintiff alleges in his complaint that the sale of slop fuel is not necessarily improper, but rather that he wanted the sale of such fuel reflected on the company books somewhere other than under the commercial division so that his sales were not affected. (Complaint, Count One ¶ 62). The plaintiff also testified that he agreed to bill to a dummy account home fuel services provided to a commercial customer, although he felt the practice was illegal. (Opposition To Motion For Summary Judgment, Exhibit CT Page 5039 2, Deposition of Wayne Murray, March 4, 1998 pp. 21-22). Further, the plaintiff never discussed the defendant's practice of quoting a customer a price for fuel and then increasing the price in the middle of winter to earn a greater profit during his employment . . . (Motion For Summary Judgment, Exhibit 2, Deposition of Wayne Murray p. 29).
The plaintiff has failed to allege that the defendant violated an important public policy, and therefore cannot prevail on a claim for wrongful discharge as a matter of law. Accordingly, the defendant's motion for summary judgment is granted as to count four.
The defendant contends that the plaintiff's allegations that he was terminated and escorted through the building by his superior do not constitute extreme and outrageous behavior on the part of the defendant. The plaintiff argues that this behavior, and the search of his briefcase during the termination process, are extreme and outrageous.
"[I]n order to state a claim of intentional infliction of emotional distress, [i]t must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiffs distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.)Parsons v. United Technologies Corp. , supra, 243 Conn. 101
(Berdon, J., concurring in part and dissenting in part).
"Whether the defendant's conduct and the plaintiffs resulting distress are sufficient to satisfy . . . [these] elements is a question, in the first instance, for this court. Only where reasonable minds can differ does it become an issue for the jury." Mellaly v. Eastman Kodak Co 42 Conn. Sup. 17, 18,597 A.2d 846 (1991). "Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." (Internal quotation marks omitted.) DeLaurentis v. New Haven,220 Conn. 225, 267, 597 A.2d 807 (1991) "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable CT Page 5040 in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of community would arouse his resentment against the actor, and lead him to exclaim`Outrageous!' 1 Restatement (Second), Torts § 46, comment (d)." (Internal quotation marks omitted.) Mellaly EastmanKodak Co., supra, 42 Conn. Sup. 20. "Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based on intentional infliction of emotional distress." Id., 19.
The plaintiff recounts the details of his termination in his affidavit. (Opposition To Motion For Summary Judgment, Affidavit of Wayne Murray). The plaintiff's averments do not reveal any behavior on the part of the defendant's representatives that could be characterized as exceeding all bounds of civilized decency. Rather, the averments show that the plaintiff was embarrassed at having to collect personal effects from his desk in the presence of a co-worker while his boss stood behind him, looking through his briefcase. (Affidavit of Wayne Murray, ¶¶ 26-29). The plaintiff's embarrassment, without extreme or outrageous conduct on the part of the defendant, is not enough to sustain a claim for intentional infliction of emotional distress. Therefore, the defendant's motion for summary judgment as to count five of the complaint is granted.
In order to state a claim for negligent infliction of emotional distress, "the plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm. . . . Accordingly, negligent infliction of emotional distress in the employment context arises only where it is based upon unreasonable conduct of the defendant in the termination process. . . . The mere termination of employment, even where it is wrongful, is therefore not, by itself, enough to sustain a claim for negligent infliction of emotional distress. The mere act of firing an employee, even if wrongfully motivated, does not transgress the bounds of socially tolerable behavior." (Citations omitted; internal quotation marks omitted.) Parsons v. UnitedTechnologies Corp. , supra, 243 Conn. 88-89. But see Protasewichv. Combustion Engineering. Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 552146 (March 3, 1997, Lavine, J.), citing Skierkowski v. CreativeGraphics Services. Inc., Superior Court, judicial district of CT Page 5041 Hartford/New Britain at New Britain, Docket No. 463242 (May 5, 1995, Handy, J.) (denying a motion to strike a count for negligent infliction of emotional distress because the plaintiff alleged that he relied on representations of job security and the plaintiff was terminated in the presence of two other employees).
There is no indication in the plaintiff's affidavit that the defendant acted unreasonably during the termination process. The defendants conduct during the termination process did not transgress the bounds of socially tolerable behavior as a matter of law. Therefore, the defendant's motion for summary judgment as to count six is granted.
Accordingly, the defendant's motion for summary judgment is denied as to counts one, two and three, and granted as to counts four, five and six.
SKOLNICK, J.