## FRANK FIASCHETTI *v.* NASH ENGINEERING COMPANY
## (AC 16500)

Lavery, Spear and Daly, Js.

Argued October 28, 1997—officially released January 13, 1998

*Thomas E. Mangines,* with whom, on the brief, was *Brian A. Mangines,* for the appellant (plaintiff).

*Andrew Houlding,* with whom, on the brief, was *John A. Sabanosh,* for the appellee (defendant).

SPEAR, J. The plaintiff, Frank Fiaschetti, appeals from the summary judgment rendered in favor of the defendant, Nash Engineering Company. The plaintiff claims that the trial court improperly granted, on res judicata grounds, the defendant's motion for summary judgment because (1) the defendant had no right to file a second motion for summary judgment after the court previously denied a similar motion and (2) the plaintiff's state law claim was never disposed of in the federal court action because that court declined to exercise pendent jurisdiction. We disagree with the plaintiff's first claim, but agree with his second claim and reverse the judgment on that ground.

The following facts and procedural history are relevant to this appeal. The defendant employed the plaintiff from 1951 through 1988. In April, 1978, the plaintiff suffered a work-related injury to his back. He received workers' compensation benefits and took a medical leave for several weeks before returning to work. Between 1978 and 1988, the plaintiff reinjured his back on several occasions and was unable to work for extended periods of time. The defendant eventually terminated the plaintiff's employment in April, 1988.

The plaintiff filed a complaint against the defendant in the United States District Court for the District of Connecticut in February, 1989. The first count alleged a violation of the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, and the second count alleged a breach of an implied employment contract. The defendant filed a motion for summary judgment in November, 1989, asking the District Court to dismiss "any and all causes of action." The motion also specifically requested that that court "decline to exercise pendent jurisdiction with regard to [the] plaintiff's state law claim of breach of implied employment contract

. . . ."[1] The plaintiff did not oppose the defendant's motion. In February, 1990, the District Court granted the defendant's motion for summary judgment, without a written opinion, "after careful review and absent objection."

After the plaintiff's motion for relief from the judgment was denied, he commenced the present action in the Superior Court. The complaint alleged breach of implied contract in addition to five other counts. In March, 1995, the defendant filed a motion for summary judgment based on collateral estoppel. The motion asserted that the issues in the plaintiff's complaint had been litigated and decided in the federal court action. The court denied the motion, and the defendant filed a second motion for summary judgment based on the related doctrine of res judicata. The second motion was granted.

I

The plaintiff first claims that the trial court should not have entertained the defendant's second motion for summary judgment because the court had denied a prior motion that was based on similar grounds. We disagree.

The plaintiff asserts that the language of Practice Book § 379,[2] which uses the singular article "a" before the words "summary judgment," precludes a party from filing more than one motion for summary judgment. There is nothing in the rules of practice or in our case law, however, that specifically restricts a party to one

[1] The defendant's motion for summary judgment states in relevant part: "[T]he defendant, Nash Engineering Company . . . moves this Court, pursuant to Fed. R. Civ. P. 56, for a grant of summary judgment dismissing the complaint and any and all causes of action asserted by the plaintiff, Frank M. Fiaschetti, (plaintiff), for the following reasons . . . (iv) This Court should decline to exercise pendent jurisdiction with regard to [the] plaintiff's state law claim of breach of implied employment contract . . . ."

[2] Practice Book § 379 provides in pertinent part that "any party may move for *a* summary judgment at any time . . . ." (Emphasis added.)

summary judgment motion. Our Supreme Court "found nothing in our rules of practice that prohibited the refiling [of a motion for summary judgment] and looked to the federal rules for guidance. . . . [T]he federal courts have held that it is not an abuse of discretion or a violation of the doctrine of the 'law of the case' for a trial judge to reconsider a motion for summary judgment that has previously been denied, particularly where new evidence has been presented which was not before the court at the time of the original motion, or a clarification of the law has since occurred." (Citations omitted.) *Mac's Car City, Inc.* v. *American National Bank*, 205 Conn. 255, 260–61, 532 A.2d 1302 (1987).

We discern no reason why a second motion for summary judgment, on a different ground, should not be considered. The only restriction on a party seeking a summary judgment, according to § 379, is that "the party must obtain the court's permission to file a motion for summary judgment after the case has been assigned to trial." In this case, the defendant obtained the trial court's permission to file the second motion for summary judgment.

The plaintiff also argues that the court should not have entertained the defendant's second motion for summary judgment for reasons of judicial economy. We note that our Supreme Court has cautioned against "future unnecessary piecemeal litigation brought on by the repeated filing of successive motions for summary judgment." *Mac's Car City, Inc.* v. *American National Bank*, supra, 205 Conn. 262. It has also recognized, however, that the desire for judicial efficiency inherent in the summary judgment procedure would be frustrated if parties were forced to try a case where there was no real issue to be tried. *Kakadelis* v. *DeFabritis*, 191 Conn. 276, 281, 464 A.2d 57 (1983); *Dowling* v. *Kielak*, 160 Conn. 14, 16, 273 A.2d 716 (1970); *Dorazio* v. *M. B. Foster Electric Co.*, 157 Conn. 226, 228, 253

A.2d 22 (1968). Accordingly, we conclude that the trial court properly considered the defendant's second motion for summary judgment.

## II

The plaintiff next claims that the trial court improperly granted the defendant's motion for summary judgment on the grounds of res judicata[3] since the plaintiff's state law claim was never litigated in the federal court action. We agree.

The standard of review for summary judgment is well established. "Practice Book § 384 mandates that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) *Fernandez* v. *Standard Fire Ins. Co.*, 44 Conn. App. 220, 222, 688 A.2d 349 (1997). Therefore, to determine whether summary judgment was properly granted in the present case, we must first determine whether the federal court exercised pendent jurisdiction and rendered judgment on the merits of the plaintiff's state law claim when it granted the defendant's motion for summary judgment.

For a federal court to have jurisdiction over an entire action, including any state law claims, the court must exercise pendent jurisdiction over the state law claims.

---

[3] "Under the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. . . . [C]laim preclusion prevents the pursuit of any claims relating to the cause of action which were actually made or might have been made." (Citations omitted; internal quotation marks omitted.) *Joe's Pizza, Inc.* v. *Aetna Life & Casualty Co.*, 236 Conn. 863, 871–72, 675 A.2d 441 (1996).

*United Mine Workers of America* v. *Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966).[4] Pendent jurisdiction may be exercised whenever the federal and state law claims derive from a common nucleus of operative facts and are such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding. Id. The *Gibbs* court emphasized, however, that pendent jurisdiction is a doctrine of discretion, not of the plaintiff's right. Therefore, a federal court may decline to exercise pendent jurisdiction over a party's state law claims. That is precisely what occurred in the present case.

In its motion for summary judgment in the federal court action, the defendant specifically asked the federal court to decline to exercise pendent jurisdiction over the plaintiff's state law claim. The defendant now argues, however, that the federal court actually granted the defendant's broader request for the court to "dismiss any and all actions," including the plaintiff's state law claim, in the summary judgment proceeding. Since the plaintiff did not object to the defendant's motion for summary judgment, we assume that the federal court granted each request of the moving party when it granted the motion. In doing so, the court necessarily declined to exercise pendent jurisdiction over the implied breach of contract claim.

The defendant asserts that the plaintiff's failure to file any pleadings in opposition to the defendant's motion for summary judgment in the federal court, or to appeal from that judgment, should preclude the plaintiff from any attack on the federal summary judgment. It is significant that the defendant is responsible for any ambiguity in this matter. Any uncertainty as to whether summary judgment entered on the plaintiff's state law

---

[4] This doctrine of pendent jurisdiction is now codified in 28 U.S.C. § 1367 (1990) and is referred to as supplemental jurisdiction.

claim results from contradictory wording of the motion for summary judgment. Basic fairness dictates that confusion created by the defendant should not deprive the plaintiff of his day in court to pursue his state law claim. Moreover, the defendant's motion can be fairly read in a noncontradictory way, that is, as a request that all claims except the state law claim be dismissed.

The defendant's final contention is that the federal court exercised pendent jurisdiction over the plaintiff's state law claim and dismissed it on the merits because "where a federal court declines to exercise jurisdiction over pendent state claims it will specifically say so." Our review of federal cases involving pendent state law claims reveals that federal courts also typically state when they *are* exercising pendent jurisdiction. See, e.g., *McEvoy* v. *Spencer,* 124 F.3d 92, 96 (2d Cir. 1997); *Losquadro* v. *FGH Realty Credit Corp.,* 959 F. Sup. 152, 160 (E.D.N.Y. 1997); *Hernandez* v. *Hartford,* 959 F. Sup. 125, 134 (D. Conn. 1997); *Tower Air, Inc.* v. *Federal Express Corp.,* 956 F. Sup. 270, 287 (E.D.N.Y. 1996); *Aquinas* v. *Federal Express Corp.,* 940 F. Sup. 73, 79 (S.D.N.Y. 1996). Because federal courts are courts of limited jurisdiction; see *Aldinger* v. *Howard,* 427 U.S. 1, 96 S. Ct. 2413, 49 L. Ed. 2d 276 (1976); *Verlinden B.V.* v. *Central Bank of Nigeria,* 647 F.2d 320, 321 (2d Cir. 1981), rev'd on other grounds, 461 U.S. 480, 103 S. Ct. 1962, 76 L. Ed. 2d 81 (1983), it is unlikely that the court would have exercised pendent jurisdiction without saying so.

Binding precedent also makes it unlikely that the federal court exercised pendent jurisdiction. "The Second Circuit has held that absent exceptional circumstances, where federal claims are disposed of [prior to trial], courts should abstain from exercising pendent jurisdiction. *Drexel Burnham Lambert, Inc.* v. *Saxony Heights Realty,* 777 F. Sup. 228, 240 (S.D.N.Y. 1991) (quoting *Walker* v. *Time Life Films, Inc.,* 784 F.2d 44,

53 [2d Cir.], cert. denied, 476 U.S. 1159, 106 S. Ct. 2278, 90 L. Ed. 2d 721 [1986])." (Internal quotation marks omitted.) *Connecticut National Bank* v. *Rytman*, 241 Conn. 24, 50, 694 A.2d 1246 (1997).

Furthermore, "[i]n this district, the courts have been particularly reluctant to exercise pendent jurisdiction over state law claims in ADEA suits." *Koehler* v. *Chesebrough-Ponds, Inc.*, 705 F. Sup. 721, 722 (D. Conn. 1988). The *Koehler* court relied on the following cases in reaching this conclusion: *Snyder* v. *J.M. Ney Co.*, United States District Court, Docket No. H85-653 (JAC) (D. Conn. March 25, 1987) (Conn. L. Trib. No. 20, p. 38) (dismissing pendent claims for intentional infliction of emotional distress and breach of employment contract); *Herbst* v. *Chesebrough-Ponds, Inc.*, United States District Court, Docket No. H85-481 (TEC) (D. Conn. September 16, 1986) (dismissing pendent claims for breach of implied covenant of good faith and fair dealing, and intentional infliction of emotional distress); *Ulan* v. *Hartford Fire Ins. Co.*, United States District Court, Docket No. H86-258 (JAC) (D. Conn. January 12, 1988) (dismissing pendent claims for breach of contract, fraud and misrepresentation); *Powell* v. *Feroleto Steel Co.*, 659 F. Sup. 303, 304–305 (D. Conn. 1986) (dismissing plaintiff's public policy discharge claim); and *Douglas* v. *American Cyanamid Co.*, 472 F. Sup. 298, 306 (D. Conn. 1979). We may fairly presume that the district judge was aware of the foregoing cases and probably would not have exercised pendent jurisdiction, sub silentio, after dismissing the federal ADEA claims. Accordingly, we conclude that the plaintiff's state law claim was never litigated in federal court and, therefore, summary judgment was improper.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.