[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S OBJECTION TO DEFENDANT'S REQUEST FOR LEAVE TO FILE SECOND AMENDED SPECIAL DEFENDET MOTION (181)
In 1991, the plaintiff, Frank Fiaschetti, filed the present action for breach of implied contract of employment against the defendant, Nash Engineering Company.[1] On October 9, 1996, the court (D'Andrea, J.) granted Nash Engineering Company's (Nash) motion for summary judgment on the issue of res judicata based on an order of summary judgment for Nash in an earlier case filed in the United States District Court for the District of Connecticut. Frank Fiaschetti (Fiaschetti) appealed the decision to the Appellate Court. The Appellate Court reversed the trial court decision, and the Supreme Court denied Nash's petition for certification on March 5, 1998. Fiaschetti v. Nash EngineeringCompany, 47 Conn. App. 443, 706 A.2d 476, cert. denied,244 Conn. 906, ___ A.2d ___ (1998).
On April 9, 1998, Nash filed a request for leave to amend its answer to include eleven special defenses to Fiaschetti's complaint.[2] Second amended special defenses one, two, and three relate to Fiaschetti's recent settlement with his former attorney for legal malpractice that occurred in Fiaschetti's district court action against Nash. Nash asserts that Fiaschetti has recovered damages based on his wrongful discharge by Nash through Fiaschetti's legal malpractice settlement with his former attorney. Nash further argues that special defenses four through eleven should be permitted as they involve facts that Nash uncovered in the discovery process. CT Page 10431
On April 15, 1998, Fiaschetti filed an objection to Nash's request for leave to file second amended special defenses. Fiaschetti objects on the ground that Nash has caused undue delay and costly litigation because of its repeated requests to amend its pleadings. Nash filed its original answer and special defenses on April 30, 1992. Since 1992, Fiaschetti argues, Nash has been permitted leave to amend his answer and special defenses twice. According to Fiaschetti, the present case was ready to be tried over three years ago but has been delayed because of Nash's repeated requests to amend its pleadings.
Fiaschetti further argues that Nash could have raised the defense of double recovery before Fiaschetti reached a settlement with his former attorney for legal malpractice. Lastly, Fiaschetti argues that his objection to Nash's second amended special defenses four through eleven should be sustained because it has been over two years since any discovery has taken place in the present case.
It is generally held that "[w]hether to allow an amendment is a matter within the sound discretion of the trial court."Connecticut National Bank v. Voog, 233 Conn. 352, 369, 658 A.2d 172
(1995). "The judicial authority may restrain such amendments so far as may be necessary to compel the parties to join issue in a reasonable time for trial." Practice Book § 176(c), now Practice Book (1998 Rev.) § 10-60 (b).
"In the interest of justice, our courts have generally been most liberal in allowing amendments. . . . Where a sound reason to amend is shown, the trial court must allow the amendment. . . . Refusal under such circumstances constitutes an abuse of discretion. . . . The essential tests are whether the ruling of the court will work an injustice to either party and whether the granting of the motion will unduly delay a trial. . . . In the !final analysis, the court will allow an amendment unless it will cause an unreasonable delay, mislead the opposing party, take unfair advantage of the opposing party or confuse the issues, or if there has been negligence or laches attaching to the offering party. . . ." (Citations omitted; internal quotation marks omitted.) Moore v. Sergi, 38 Conn. App. 829, 835-36, 664 A.2d 795
(1995).
There is a principle that "a litigant may only recover just damages for the same loss only once. The social policy behind this concept is that it is a waste of society's economic resources to do more than compensate an injured party for a loss and therefore, CT Page 10432 that the judicial machinery should not be engaged in shifting a loss in order to create such an economic waste." Haynes v. YaleNew Haven Hospital, 243 Conn. 17, 23-24, 699 A.2d 964 (1997).
Nash has demonstrated that the policy against double recovery is a sound reason why it should be permitted leave to add second amended special defenses one, two, and three. Therefore, the court permits Nash leave to add special defenses one through three.
Nash next argues that second amended special defenses four through eleven should be permitted as they involve facts that Nash uncovered in the discovery process. Fiaschetti counters that discovery took place in the present case over two years ago, and the proposed special defenses should have been pleaded at that time.
The present case was previously set on the trial list. The court (Karazin, J.) granted Nash's motion to strike this case from the trial list on March 8, 1995, because Nash added special defenses. On March 10, 1998, Fiaschetti filed another claim for the trial list. Fiaschetti, moreover, is 67 years old and has a history of cancer.
In other cases, the court has granted the defendant's request to amend its pleadings when the plaintiff has failed to demonstrate how it would be prejudiced. See, e.g., EmpireMortgage v. D'Angelo, Superior Court, judicial district of Waterbury, Docket No. 128817 (October 24, 1996, Kulawiz, J.). InEmpire Mortgage v. D'Angelo, supra, the court granted the defendant's request to amend its answer and special defense. The court reasoned that the plaintiff failed to demonstrate how it would be prejudiced because, [t]he present case is not yet on the trial list. Also, the present case has not been languishing on the docket for a significant amount of time, as the initial complaint was only filed . . . just over a year ago." Id.
In the present case, however, Fiaschetti has demonstrated how he would be prejudiced if Nash is permitted leave to add special defenses four through eleven. The present case has languished on the docket for six years. The present case previously was set on the trial list in 1995, and Fiaschetti filed another claim for the trial list on March 10, 1998.
Nash has failed to demonstrate a sound reason why it should be permitted leave to add special defenses four through eleven in CT Page 10433 light of the fact that discovery in the present case took place over two years ago. Therefore, the plaintiff's objection as to special defenses four through eleven is sustained.
The court overrules Plaintiff's objection to the defendant's request for leave to file second amended special defenses one, two, and three. The court sustains the plaintiff's objection to the defendant's request for leave to file second amended special defenses four through eleven.
KARAZIN, J.