[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#194)
CT Page 6327
The plaintiff, Frank Fiaschetti, ("Fiaschetti"), flied a seven count amended complaint against Nash Engineering, ("Nash"), in this court sounding in wrongful discharge. Counts one through seven respectively allege: wrongful discharge in violation of General Statutes § 31-290a, false representation, intentional infliction of emotional distress, breach of an implied contract, breach of the covenant of good faith and fair dealing, breach of written and oral representations and promises, and negligent representation. At issue is Nash's motion for summary judgment #194.
Defendant, Nash, has already moved for summary judgment in this case. This court previously granted summary judgment on resjudicata grounds reasoning that because a federal court had already granted a motion for summary judgment in a related federal case arising from the same nucleus of operative facts, the federal court necessarily ruled on a pendent state law claim finding that Fiaschetti was entitled to judgment as a matter of law.[1] Fiaschetti v. Nash Engineering, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 115194 (October 9, 1996, D'Andrea, J.). The Appellate Court, however, reversed and remanded this case on the grounds that resjudicata is inapplicable because the federal court did not decide anything with regard to the pendent state law claim. Fiaschettiv. Nash Engineering, 47 Conn. App. 443, 706 A.2d 476, cert. denied, 244 Conn. 906, 701 A.2d 335 (1998). Integral to the Appellate Court's reasoning was that federal courts do not typically exercise pendent or supplemental jurisdiction over state law claims without stating that they are exercising such jurisdiction. Id., 449. Furthermore, the doctrine of pendent jurisdiction is discretionary and not automatic. Id., 448. As such, when the federal district court granted summary judgment it did so on the federal claim but not on the state claim because,inter alia, the federal court did not specifically include the state law claim in its decision. Therefore, res judicata was found inapplicable and the case was remanded to this court.
By way of further background and relevant to deciding this present motion for summary judgment, Fiaschetti worked at Nash Engineering for a period of approximately thirty-seven years in various capacities. After claiming he was wrongfully demoted and terminated, Fiaschetti retained Peter S. Vannucci, ("Vannucci"), CT Page 6328 to represent him in the federal lawsuit. Because of Mr. Vannucci's failure to be timely in the federal action against Nash, the United States District Court For The District Of Connecticut granted Nash's motion for summary judgment in that case. Fiaschetti then filed the instant action. Two weeks subsequent to the filing of the complaint in the instant action Fiaschetti brought an action in this court against Peter S. Vannucci and the firm with which Mr. Vannucci was associated alleging, inter alia, that Vannucci negligently failed to file timely responses to Nash's motion for summary judgment in federal court. Nash's Present Motion For Summary Judgment #194 Exhibit B. The negligent representation case was, however, stayed during the pendency of the instant action. Fiaschetti v. Vannucci, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 281533 (September 14, 1994, McGrath, J.). Nevertheless, while the stay was still in force and while the appeal of the prior motion for summary judgment was still pending in the Appellate Court, Fiaschetti signed a release, in consideration of one million nine-hundred thousand dollars paid to him, discharging both Vannucci and the firm with which he was associated from all causes of action related to the alleged attorney negligence in the prior federal action. Nash's Present Motion For Summary Judgment #194 Exhibit C.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "[S]ummary judgment procedure is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial." United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 375, 260 A.2d 596 (1969).
"[A] party in a civil case has a right to file a motion for summary judgment at any time with certain exceptions." (Emphasis in original; footnote omitted.) Holcomb v. Commissioner ofCorrection, 39 Conn. App. 485, 489, 664 A.2d 1199 (1995). The Practice Book provides that a party ""must obtain the court's permission to file a motion for summary judgment after the case . . . has been assigned for trial."" (Emphasis provided.) Id., 489 n. 3, quoting Practice Book § 17-44 (formerly § 379).
Moreover, summary judgment is "ill adapted to cases of a complex nature or to those involving important public policy issues, which often need the full exploration of trial." UnitedCT Page 6329Oil Co. v. Urban Redevelopment Commission, supra, 158 Conn. 375. See also Miller v. United Technologies Corp. , 233 Conn. 732, 752,660 A.2d 810 (1995) (summary judgment is ill suited to the disposal of complex cases).
The Defendant, Nash, moves for summary judgment on two grounds. First, Nash argues that all counts of the complaint are barred by the public policy against double recovery. Second, Nash argues that the integrity of the judicial process would be at issue if this case were allowed to go forward because the plaintiff's recovery from his attorneys was based on his inability to recover from Nash. In essence the crux of this argument is that Vannucci became a proxy for Nash and as such Fiaschetti cannot recover from Nash.
Fiaschetti argues that Nash's motion for summary judgment should be denied on four grounds. First, Fiaschetti argues that pursuant to Practice Book § 17-44 (formerly § 379), Nash needed the judicial authority's permission to file a motion for summary judgment. This argument will not be addressed more fully because by Fiaschetti's own admission there was no trial date set at the time the motion for summary judgment was made by Nash, a requirement under Practice Book § 17-44 (formerly § 379). Plaintiff's Objection To Defendant's Motion For Summary Judgment #198. Second, Fiaschetti argues that because the parties, issues and relief are different in the attorney negligence action as compared to this action, his possible recovery in this action is not barred by the public policy against double recovery. Third, Fiaschetti argues that the attorney malpractice action concerned the mishandling of the federal claim and is, consequently, irrelevant to the state law claim in this action. Specifically, the Appellate Court ruled that the federal court did not exercise pendent or supplemental jurisdiction. Fiaschetti v. NashEngineering, supra, 47 Conn. App. 443. Fourth, Fiaschetti argues that the doctrine of judicial estoppel is inapplicable in this case because in Fiaschetti v. Vannucci, supra, Superior Court, Docket No. 281533, there was a settlement and no finding of fact. Fiaschetti argues that in order for judicial estoppel to apply there has to be an earlier finding of fact such as one found in a court judgment.
In addition to the memorandum in support of the motion for summary judgment and the opposition thereto, both parties have submitted supplemental memoranda. In its reply to Fiaschetti's objection to the motion for summary judgment Nash argues interCT Page 6330alia that the attorney negligence action and this action are inextricably related and that as such Vannucci was a proxy for the defendant Nash; and, the parties, issues and relief sought in both actions are not essentially different. Accordingly, any recovery by Fiaschetti would be tantamount to a double recovery. In Fiaschetti's supplemental memorandum in opposition to the motion for summary judgment Fiaschetti argues, inter alia, that Vannucci cannot be a proxy for Nash because the claims for relief in both actions, the attorney negligence action and the one presently before the court, are different; and, the proper legal mechanism for reducing what may be an overly large plaintiff's verdict is remittitur after trial and not summary judgment prior to trial.
"[A] subsequent damage award [is] improperly duplicative of an earlier one, if (1) the defendants in the two actions are joint totrtfeasors, (2) the judgment which was satisfied involved damages for the exact same injuries as involved in the present action, and (3) the determination by the factfinder on the issue of damages in the first action is entitled to govern the amount of damages involved in the present action under the doctrine of collateral estoppel." (Brackets omitted; internal quotation marks omitted.) Black v. Goodwin, Loomis and Britton, Inc.,239 Conn. 144, 168, 681 A.2d 293 (1996), quoting Gionfriddo v. GartenhausCafe, 15 Conn. App. 392, 397-98, 546 A.2d 284 (1988), aff'd,211 Conn. 67, 557 A.2d 540 (1989).
Here, none of the above factors seem applicable. First, "[j]oint tortfeasors are two or more persons who are liable to the same person for the same harm." (Internal quotation marks omitted.) Gionfriddo v. Gartenhaus Cafe, supra,15 Conn. App. 398. Vannucci and Nash are not joint tortfeasors. In fact, Vannucci had absolutely nothing to do with Nash's alleged wrongful termination. Second, there was also no judgment that was satisfied for the exact same injuries. The claim against Vannucci was for attorney negligence while the claim against Nash is for wrongful termination. It is consequently unclear how the alleged injury suffered by Fiaschetti is the same vis-a-vis both Vannucci and Nash. Third, the doctrine of collateral estoppel is inapplicable to this particular set of facts. For collateral estoppel to apply the issue "must have been fully and fairly litigated in the first action. It also must have been actually decided, and the decision must have been necessary to the judgment. . . ." (Citations omitted.) Gionfriddo v. GartenhausCafe, supra, 15 conn. App. 402. Here, there has been no decision CT Page 6331 with respect to the attorney negligence claim, only a settlement. Accordingly, Nash's assertion that a further recovery by Fiaschetti would be a violation of public policy and tantamount to a double recovery holds no merit. In addition, this is especially the case since Nash is moving for summary judgment on an important public policy issue, something this court looks on with disfavor. See United Oil Co. v. Urban RedevelopmentCommission, supra, 158 Conn. 375; Miller v. United technologiesCorp. , supra, 233 Conn. 752.
Next, it is a well settled principal of law in Connecticut that "[w]hen an award is made pursuant to a settlement . . . the underlying issues have not been fully and fairly litigated, and, therefore, the earlier award can have no preclusive effect on a subsequent action. . . ." (Citation omitted) Black v. Goodwin,Loomis and Britton, supra, 239 Conn. 168. Since the state law claim of wrongful termination, the underlying issue in this case, has not been fully and fairly litigated, Nash's argument that Fiaschetti should not be able to recover from Nash in this action because Vannucci was a proxy for Nash is inapposite. Consequently, this court, although having thoroughly examined the California law cited by Nash for the proposition that Vannucci was a proxy for Nash,[2] need only look to its own case law which states that settlements have no preclusive effect on subsequent litigation. Id.
Moreover, as argued by Fiaschetti in its supplemental memorandum of law in opposition to Nash's motion for summary judgment the proper legal mechanism for attacking an overly large plaintiff's verdict in this action may be through remittitur. SeeBlack v. Goodwin, Loomis and Britton, supra, 239 Conn. 167-68 (denial of remittitur by trial court was not an abuse of discretion where the total amount of judgment together with prior settlements was not unreasonable); Belanger v. Village Pub I,Inc., 26 Conn. App. 509, 517, 603 A.2d 1173 (1992) (applying General Statutes § 52-216a and finding that the payment by one defendant "for release of the plaintiff's claim acted only to decrease the plaintiff's subsequent recovery against the remaining defendants"). The implication is that it is possible to challenge an overly large plaintiff's verdict after trial. Nash will, therefore, still have a mechanism for challenging an overly large plaintiff's verdict after trial. Accordingly, Nash's motion for summary judgment is denied.
So Ordered. CT Page 6332
KARAZIN, J.