[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM DECISION RE: MOTION FOR SUMMARY JUDGMENT #127
This action arises out of a motorcycle accident involving the plaintiff, Hilarie Carle, and the defendant, Brian Cahill, which occurred on April 30, 1999. Carle filed a complaint on November 12, 1999, alleging negligence, carelessness and reckless disregard in counts one and two against Cahill for her injuries arising out of the accident. Carle requested declaratory relief in count three against the defendant, Progressive Insurance Company (Progressive), and further alleged violations of the Connecticut Unfair Trade Practices Act (CUTPA) and the Connecticut Unfair Insurance Practices Act (CUIPA) in counts four and five of her complaint against Progressive.
On December 2, 1999, Progressive moved to strike counts four and five of Carle's complaint, which was subsequently granted by the court,Holzberg, J., on January 3, 2000.[1] Thereafter, on January 21, 2000, Carle filed an amended four count complaint against Cahill and Progressive. Specifically, Carle alleges in counts three and four that Progressive engaged in unfair settlement practices in violation of CUTPA and CUIPA and that Progressive has maintained a continuing policy of violating the provisions of CUIPA, in this case and in other cases. Progressive then moved for summary judgment, which was denied by the court, Holzberg, J., on February 16, 2000, for the reasons that there were material facts in dispute as to Cahill's liability and the settlement practices of Progressive. CT Page 14789
Progressive now moves for summary judgment as to counts three and four of Carle's amended complaint on the grounds that Carle has failed to allege sufficiently violations of CUIPA and CUTPA and that Carle lacks privity with the defendant. Progressive filed a memorandum in support of its motion, and Carle filed a memorandum in opposition to Progressive's motion.[2]
 DISCUSSION
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Id., 386. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Id.
Progressive argues that Carle has failed to allege sufficiently violations of CUTPA and CUIPA and that Carle lacks privity of contract with Progressive to make such claims since Carle was not an insured under Progressive's policy. Progressive further contends that, in order to prove a claim of unfair settlement practices, Carle is required to show more than a single act of misconduct.
Carle argues that the prior denial of Progressive's motion for summary judgment is the law of the case, specifically noting that the court found that there were material issues of fact as to the settlement practices of Progressive. Carle further contends that privity of contract is not required to maintain a CUTPA claim and that she has demonstrated that Progressive has committed multiple acts which the trier of fact may determine were in violation of CUTPA and CUIPA.
In Fiaschetti v. Nash Engineering Co., 47 Conn. App. 443, 706 A.2d 476, cert. denied, 244 Conn. 906, 714 A.2d 1 (1998), the court found "no reason why a second motion for summary judgment, on a different ground,
should not be considered." (Emphasis added.) Id., 446. In its first motion for summary judgment, Progressive argued that it was not in breach of contract and had not violated CUIPA and CUTPA because there was no CT Page 14790 binding, enforceable contract to arbitrate and, therefore, it was entitled to judgment as a matter of law. Carle amended her complaint after the court granted Progressive's motion to strike, but prior to Progressive filing its first motion for summary judgment. In the amended complaint, Carle included allegations that Progressive has maintained a continuing policy in this case as well as in other cases in the State of Connecticut of violating the provisions of CUIPA. Further, Carle appended with her memorandum in opposition an affidavit, certified copies of State Insurance Department records and various other documents to support the existence of other complaints and inquiries with regard to Progressive's settlements. The court, Holzberg, J., denied Progressive's first motion for summary judgment, based on the amended complaint and the full record, for the reasons that there were material facts in dispute as to Cahill's liability and the settlement practices of Progressive.
Progressive has now brought this second motion for summary judgment on the grounds that Carle has failed to allege sufficiently violations of CUTPA or CUIPA and that Carle lacks privity with Progressive because she was not an insured under the policy. In looking to Carle's amended complaint, which is the operative pleading with regard to this motion, the court, Holzberg, J., has already found that there are genuine issues of material fact. This court agrees with the result of the prior ruling.
Moreover, the Supreme court has observed that privity is no longer a requirement for standing under CUTPA. Jackson v. R. G. Whipple, Inc.,225 Conn. 705, 726-27, 627 A.2d 374 (1993). The court has further noted that "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action . . . to recover actual damages." (Internal quotation marks omitted.) Thames River Recycling, Inc. v. Gallo, 50 Conn. App. 767, 796,720 A.2d 242 (1998). Carle's claim does not fail for lack of privity at this stage of the proceedings, because she has provided a record sufficient to demonstrate the existence of a genuine issue of material fact as to whether she is entitled to recover damages under CUTPA and CUIPA.
The court finds that Progressive is essentially moving for summary judgment on the same grounds as its first motion for summary judgment, which was denied. Fiaschetti v. Nash Engineering Co., supra,47 Conn. App. 446.
Accordingly, Progressive's motion for summary judgment as to counts three and four of Carle's amended complaint is denied.
So ordered. November 29, 2000. CT Page 14791
BY THE COURT
PETER EMMETT WIESE, J.