[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM of DECISION RE: MOTION FOR SUMMARY JUDGMENT #152
In a revised complaint of October 13, 1999, the pro se plaintiff, Luba Hill, brought a 289 count legal malpractice action[1] against the defendant, John R. Williams.[2] The plaintiff alleges the following pertinent facts: in 1993, the plaintiff hired the defendant to represent her in her divorce and custody action against her exhusband, as well as in her legal malpractice action against her former divorce attorney. The plaintiff alleges that the defendant, among other things, failed to proceed in the plaintiff's lawsuit, failed to appeal the plaintiff's divorce and failed to protect the plaintiff's trust account. Furthermore, the plaintiff alleges that from March 27, 1993 through February 6, 1995, the defendant "sent love letters, vacation invitations, conference invitations and unsuccessfully tried to pressure the plaintiff into having sex with him?" (Revised complaint, ¶ 13.) On February 6, 1995, the plaintiff fired the defendant as her attorney. For the purposes of deciding this motion, the court deems all of the allegations in the plaintiff's complaint to be true since the defendant CT Page 7335 filed no affidavit in support of his motion for summary judgment. Consequently, the plaintiff seeks relief for the following claims: intentional infliction of emotional distress;[3] legal malpractice;[4]
recklessness;[5] negligence;[6] and sexual misconduct.[7] On February 22, 2001, the defendant moved for summary judgment as to the plaintiff's entire revised complaint on the ground that the plaintiff's claims are time barred. The plaintiff responds that the defendant already moved for summary judgment and that the motion was denied by this court. Consequently, the plaintiff argues that the defendant may not bring a second identical motion for summary judgment.
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education, 254 Conn. 205, 209,757 A.2d 1059 (2000).
As a preliminary matter, the court notes that "[a]lthough we will not entirely disregard our rules of practice, we do give great latitude to pro se litigants in order that justice may both be done and be seen to be done." (Internal quotation marks omitted.) Lemoine v. McCann,40 Conn. App. 460, 469, 673 A.2d 115, cert. denied, 237 Conn. 904,674 A.2d 1330 (1996). This does not, however, mean that we will "entirely disregard the established rules of procedure, adherence to which is necessary in order that . . . the real issues in controversy may be presented and determined." Swenson v. Dittner, 183 Conn. 289, 295, n. 3,439 A.2d 334 (1981); see also Acerbo v. Bunk, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 146211 (March 16, 1998, D'Andrea, J.) ("Although our courts are `consistently . . . solicitous of the rights of pro se litigants,' the rules of practice cannot be ignored to the detriment of other parties.")
First, the court must address whether the defendant may refile his motion for summary judgment. The defendant filed his first motion for summary judgment on April 19, 2000. On May 17, 2000, the defendant's motion was denied by this court without prejudice and this court expressly provided that the defendant could file a new motion for summary CT Page 7336 judgment. Subsequently, the defendant brought an identical motion for summary judgment which is presently before this court. The Connecticut Supreme Court has "found nothing in our rules of practice that [prohibit) the refining [of a motion for summary judgment] and [therefore, the court has) looked to the federal rules for guidance. . . . [The federal courts have held that it is not an abuse of discretion or a violation of the doctrine of the law of the case for a trial judge to reconsider a motion for summary judgment that has previously been denied . . ." (Internal quotation marks omitted.) Fiaschetti v. Nash Engineering Co.,47 Conn. App. 443, 446, 706 A.2d 476, cert. denied, 244 Conn. 906,714 A.2d 1 (1998). Furthermore, the Connecticut Supreme Court has also recognized that "the desire for judicial efficiency inherent in the summary judgment procedure would be frustrated if parties were forced to try a case where there was no real issue to be tried?" Id. Consequently, this court finds that it may consider the merits of the defendant's second motion for summary judgment.
The court will now address the defendant's argument that the plaintiff's claims are time barred. First, the court will examine the timeliness of the plaintiff's claim of intentional infliction of emotional distress. General Statutes § 52-577 states that: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." (Emphasis added.) Consequently, the statute of limitations for an intentional infliction of emotional distress claim is three years. See Preston v. O'Rourke, Superior Court, judicial district of Tolland, Docket No. 071011 (August 28, 2000,Bishop, J.) (28 Conn.L.Rptr. 96) (claim of intentional infliction of emotional distress must be brought within three years). In the present case, the plaintiff commenced her action on March 23, 1999. Therefore, in order to be timely under General Statutes § 52-577, the alleged acts which led to the plaintiff's claim of intentional infliction of emotional distress could not have occurred any earlier than March 23, 1996. The plaintiff's claim, however, is based on acts allegedly committed between 1993, when the defendant was hired as the plaintiff's attorney, and February 6, 1995, when the defendant was fired by the plaintiff. Consequently, the plaintiff's claim of intentional infliction of emotional distress is time barred under General Statutes § 52-577.
Next, the court will examine the timeliness of the plaintiff's claim of legal malpractice. "Where the complaint alleges legal malpractice based on negligence, the tort statute of limitations applies." Shuster v.Buckley, supra, 5 Conn. App. 477. Consequently, the applicable statute of limitations for this claim is three years. General Statutes §52-577. As stated above, under General Statutes § 52-577 the alleged acts which led to the plaintiff's claim of legal malpractice are time barred if they occurred any earlier than March 23, 1996. As the plaintiff CT Page 7337 claims that the alleged acts which form the basis of her legal malpractice claim occurred at the very latest on February 6, 1995, the plaintiff's claim of legal malpractice is time barred under General Statutes § 52-577. Similarly, in addressing the plaintiff's tort claim of sexual misconduct, the court notes that the plaintiff alleges that from March 27, 1993 until February 6, 1995, the defendant made improper sexual advances toward the plaintiff. As these alleged acts do not occur on or after March 23, 1996, the plaintiff claims of sexual misconduct are also time barred under General Statutes § 52-577.
Finally, the court will examine the plaintiff's claims of negligence and recklessness. General Statutes § 52. 584 states in pertinent part that: "No action to recover damages for injury to the person . . . caused by negligence, or by reckless or wanton misconduct . . . shall b4 brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered . . ." (Emphasis added.) Consequently, claims for negligence and recklessness must be brought within two years. In the present case, the plaintiff's commenced this action on March 23, 1999. Therefore, in order to be timely under General Statutes § 52-584, the alleged acts which led to the plaintiff's claims of negligence and recklessness could not have occurred any earlier than March 23, 1997. The plaintiff's claims, however, are based on acts allegedly committed between 1993, when the defendant was hired as the plaintiff's attorney, and February 6, 1995, when the defendant was fired by the plaintiff Furthermore, construing the allegations most favorably to the plaintiff, the court does not find that the plaintiff alleges that any of her injuries were discovered or in the exercise of reasonable care should have been discovered after February 6, 1995. Consequently, the plaintiff's claims of negligence and recklessness are time barred under General Statutes § 52-584.
This court deems true all of the allegations in the plaintiff's complaint, since the defendant filed no affidavit in support of his motion for summary judgment, and therefore, finds no genuine issue of material fact in dispute. However, this court is still unable to find that the plaintiff's causes of action have been brought with. in the applicable statutes of limitations. Accordingly, the defendant's motion for summary judgment as to the plaintiff's entire revised complaint is hereby granted.