******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# DAVID HAYWOOD *v.* COMMISSIONER OF CORRECTION
## (AC 41677)

Keller, Bright and Flynn, Js.

*Syllabus*

The petitioner, who had been convicted of, inter alia, felony murder and robbery in the first degree as an accessory, filed a second petition for a writ of habeas corpus, claiming that his prior habeas counsel, D, and his original appellate counsel, F, had provided ineffective assistance. The habeas court rendered judgment denying the habeas petition. Thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court. On appeal, he claimed that the habeas court improperly concluded that he was not denied the effective assistance of counsel by D with respect to D's efforts to establish that F was ineffective. Although F, in a petition for certification to appeal to our Supreme Court, claimed that it was improper for this court in the petitioner's direct appeal to order that the trial court modify the petitioner's conviction of robbery in the first degree as an accessory to a conviction of accessory to attempt to commit robbery in the first degree, he failed to include a citation to *State* v. *Sanseverino* (287 Conn. 608) (*Sanseverino I*), in which our Supreme Court, after reversing the defendant's kidnapping conviction, noted the possibility that the state could ask the court to modify the defendant's conviction to the lesser included offense of unlawful restraint in the second degree. The petitioner also claimed that F was ineffective in failing, while the petition was pending in our Supreme Court, to file a motion for reconsideration in this court regarding the modification issue after our Supreme Court officially released its decision in *Sanseverino I*. He further claimed that D was deficient in the petitioner's first habeas trial because he failed to point out sufficiently F's errors, and because he failed to advance the legal analyses set forth in the concurring opinion by Chief Justice Rogers in *State* v. *Sanseverino* (291 Conn. 574) (*Sanseverino II*), which questioned the wisdom of allowing the modification of a defendant's conviction to a lesser included offense, where a jury instruction on the lesser included offense was not provided by the court, in future cases that do not share the unique circumstances of that case. Finally, he claimed that F was ineffective for failing to make the argument against modification of the petitioner's judgment based on his acquittal due to insufficient evidence and the lack of a jury instruction on the lesser included offense, similar to the way in which the appellate attorney had successfully raised a similar claim in *State* v. *LaFleur* (307 Conn. 115), which concluded that the facts and procedural history of that defendant's case were sufficiently different than those in *Sanseverino II* to preclude modification of the defendant's conviction of assault in the first degree to the lesser included offense of assault in the second degree. *Held* that the habeas court did not abuse its discretion in denying the petition for certification to appeal: in the petitioner's first habeas case, D did claim that F should have filed a motion for reconsideration with this court in the petitioner's direct appeal, the possible relevance of the *Sanseverino I*, *Sanseverino II*, and *LaFleur* cases was raised by D and considered by the habeas court, the petitioner's expert witness in the first habeas case testified concerning *Sanseverino II* and why he believed that it was relevant to the petitioner's case, and on appeal from the habeas court's decision in the first habeas case, the petitioner, in support of his claim that F was ineffective by not filing a motion for reconsideration with this court in the petitioner's direct appeal, fully addressed all three cases in his appellate brief to this court, which rejected the claim, and, thus, the petitioner could not establish prejudice with respect to that claim; moreover, the petitioner could not establish prejudice with respect to his claim that D provided ineffective assistance by failing to claim that F was ineffective on direct appeal when he did not rely on *Sanseverino I* in his petition for certification to appeal to our Supreme Court, as the petitioner could not establish that there was a reasonable probability that, if F had cited to *Sanseverino*

*I* in his petition for certification to appeal to our Supreme Court, certification would have been granted and the outcome of his appeal would have been different, the petitioner having failed to establish that there was a reasonable likelihood that our Supreme Court was unaware or unmindful of its then very recent decision in *Sanseverino I* when it denied the petition for certification to appeal.

Argued October 9—officially released December 10, 2019

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Sferrazza, J.*; judgment denying the petition; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*Vishal K. Garg*, with whom, on the brief, were *Stephanie L. Evans*, assigned counsel, and *David Haywood*, self-represented, for the appellant (petitioner).

*Timothy J. Sugrue*, assistant state's attorney, with whom, on the brief, were *Kevin T. Kane*, chief state's attorney, and *Jo Anne Sulik*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

BRIGHT, J. In this habeas on a habeas,[1] the petitioner, David Haywood, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his second petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court abused its discretion in denying his petition for certification to appeal and improperly concluded that he was not denied the effective assistance of previous habeas counsel, Attorney Mark Diamond, with respect to Attorney Diamond's efforts to establish the ineffective assistance of original appellate counsel, Attorney Glenn W. Falk.

The petitioner's claim relates to his dissatisfaction with how Attorney Falk challenged on appeal the petitioner's convictions for robbery in the first degree as an accessory and felony murder. See *State* v. *Haywood*, 109 Conn. App. 460, 464–66, 952 A.2d 84, cert. denied, 289 Conn. 928, 958 A.2d 161 (2008). After his criminal trial, the petitioner was convicted of participating in a robbery that led to the murder of the victim. Id., 464. In the direct appeal from the petitioner's judgment of conviction, Attorney Falk argued that the conviction could not stand because there was insufficient evidence of a completed robbery. Id. The state agreed that the evidence supported only an attempted robbery, but it argued that in finding the petitioner guilty of a completed robbery, the jury necessarily found the petitioner guilty of attempt to commit robbery. See id., 465–66. Because attempt to commit robbery is a felony that can be the basis of a felony murder conviction, the state asked that this court order the modification of the petitioner's conviction of robbery to attempt to commit robbery and that the felony murder conviction be affirmed. Id., 464–65. This court also addressed the claim that the judgment should not be modified because the jury in the petitioner's trial was never charged on the elements of attempt to commit robbery. Id., 466–67 n.3. This court agreed with the state and reversed only the robbery conviction and remanded the case to the trial court with direction to modify the judgment to reflect a conviction of attempt to commit robbery. Id., 464–66, 477.[2]

The petitioner argues in this appeal that Attorney Falk performed deficiently in the petitioner's direct appeal because, when he addressed in the petition for certification to appeal to our Supreme Court this court's decision that the petitioner's robbery conviction should be modified, he failed to include a citation to *State* v. *Sanseverino*, 287 Conn. 608, 949 A.2d 1156 (2008) (*Sanseverino I*),[3] and failed, while the petition for certification was pending in our Supreme Court, to file a motion for reconsideration in this court regarding the modification issue after our Supreme Court officially released its decision in *Sanseverino I*. He further argues

that Attorney Diamond performed deficiently in the petitioner's first habeas trial because he failed to point out sufficiently Attorney Falk's errors.

In *Sanseverino I*, our Supreme Court, after reversing the defendant's kidnapping conviction, noted, but did not address, the possibility that the state could ask the court to modify the defendant's conviction to the lesser included offense of unlawful restraint in the second degree. Id., 625–26 and n.16. According to the petitioner, in the present case, had Attorney Falk discussed the modification issue in light of the then recently decided *Sanseverino I*, there was a reasonable probability that this court would have reconsidered its decision ordering modification or that our Supreme Court would have granted his petition for certification and would have reversed the decision of this court.

The petitioner also argues in his main appellate brief: "[I]t is clearly debatable among jurists of reason whether the petitioner's prior habeas counsel was ineffective for failing to bring to the court's attention . . . the concurring opinion [by Chief Justice Rogers in *State v. Sanseverino*, 291 Conn. 574, 969 A.2d 710 (2009) (*Sanseverino II*)], and his appellate counsel for failing to make the argument against modification of [the petitioner's] judgment based on his acquittal due to insufficient evidence and the lack of a jury instruction on the lesser included offense, similar to the way in which the appellate attorney had successfully raised the claim in *State v. LaFleur*, 307 Conn. 115, 51 A.3d 1048 (2012)."[4]

In *Sanseverino II*, our Supreme Court explicitly sanctioned the modification of the defendant's conviction to the lesser included offense of unlawful restraint in the second degree, even in the absence of a jury instruction on that lesser offense, "[u]nder the unique circumstances of [the] case . . . ." *Sanseverino II*, supra, 291 Conn. 595. In a concurring opinion, Chief Justice Rogers questioned the wisdom of allowing such modifications in future cases that involve different circumstances. Id., 598–604 (*Rogers, C. J.*, concurring).

In *LaFleur*, our Supreme Court concluded that the facts and the procedural history of the defendant's case were sufficiently different than those in *Sanseverino II* to preclude modification of the defendant's conviction of assault in the first degree to the lesser included offense of assault in the second degree. *State v. LaFleur*, supra, 307 Conn. 141–42, 151–54. Thus, the court ordered on remand a judgment of acquittal. Id., 154.

The petitioner essentially claims on appeal that although Attorney Falk argued in the petitioner's direct appeal that it was improper for this court to order that the trial court modify the petitioner's robbery conviction, his argument was deficient because it failed to point to the evolution of the issue which began in *Sanseverino I*, and failed to advance the legal analyses

set forth in the concurring opinion by Chief Justice Rogers in *Sanseverino II* and the majority in *LaFleur*. He further argues that Attorney Diamond performed deficiently in the petitioner's first habeas case when he did not argue that Attorney Falk should have relied explicitly on the reasoning set forth in those cases. We disagree with the petitioner and dismiss the appeal.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, [the petitioner] must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on the merits. . . . To prove that the denial of his petition for certification to appeal constituted an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . .

"In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 181 Conn. App. 572, 577–78, 187 A.3d 543, cert. denied, 329 Conn. 909, 186 A.3d 13 (2018). For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that he was prejudiced, meaning, there is a reasonable probability that, but for counsel's mistakes, the result of the proceeding would have been different. *Strickland* v. *Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Our standard of review as to whether Attorney Diamond's representation was inadequate is plenary, being a mixed question of law and fact. See *Taylor* v. *Commissioner of Correction*, 324 Conn. 631, 637, 153 A.3d 1264 (2017) ("[t]he application of historical facts to questions of law that is necessary to determine whether the petitioner has demonstrated prejudice . . . is a mixed question of law and fact subject to . . . plenary review" [citation omitted]).

We first consider the petitioner's claim that Attorney Diamond provided ineffective assistance of counsel in the petitioner's first habeas trial because he did not

argue that Attorney Falk should have filed a motion for reconsideration in the petitioner's direct appeal with this court citing to *Sanseverino I*, and setting forth the legal analysis that Chief Justice Rogers later employed in her concurring opinion in *Sanseverino II* and that the majority relied on in *LaFleur*. We conclude that this claim has no merit.

In the petitioner's first habeas case, Attorney Diamond, in fact, did claim that Attorney Falk should have filed a motion for reconsideration with this court in the petitioner's direct appeal. Furthermore, having reviewed the record from the first habeas case, we conclude that the possible relevance of *Sanseverino I*, *Sanseverino II*, and *LaFleur* was raised by Attorney Diamond and considered by the habeas court. In fact, in a supplemental letter to the habeas court, sent after he had filed a posttrial brief, Attorney Diamond alerted the habeas court to the then newly released *LaFleur* case and argued in relevant part: "Had appellate counsel made the appropriate arguments on [the petitioner's] direct appeal, the Appellate Court would have not replaced the conviction for robbery . . . that it dismissed with one for attempted robbery . . . ." Additionally, in the first habeas case, the petitioner's expert witness, Attorney Del Atwell, testified concerning *Sanseverino II* and why he believed it was relevant to the petitioner's case.

Furthermore, on appeal from the habeas court's decision in the first habeas case; see *Haywood* v. *Commissioner of Correction*, 153 Conn. App. 651, 105 A.3d 238, cert. denied, 315 Conn. 908, 105 A.3d 235 (2014); the petitioner, in support of his claim that Attorney Falk had provided ineffective assistance of counsel by not filing a motion for reconsideration with this court in the petitioner's direct appeal, fully addressed *Sanseverino I*, *Sanseverino II*, and *LaFleur* in his appellate brief. Both the habeas court in the first habeas case and this court on appeal rejected the petitioner's claim. See id., 662, 665–67. Accordingly, the petitioner has not and cannot demonstrate any prejudice in this case.

We now consider the petitioner's claim that Attorney Diamond provided ineffective assistance of counsel by failing to argue that Attorney Falk provided ineffective assistance on direct appeal when he did not rely on *Sanseverino I* in his petition for certification to appeal to our Supreme Court. We agree with the habeas court and the respondent, the Commissioner of Correction, that the petitioner has failed to establish prejudice.[5]

In determining whether Attorney Diamond provided ineffective assistance of counsel, we necessarily must consider whether it is reasonably likely that if Attorney Falk had cited to *Sanseverino I* in his petition for certification to appeal to our Supreme Court, the petition would have been granted and the outcome, different. See *Strickland* v. *Washington*, supra, 466 U.S. 694. We

conclude that the petitioner cannot establish that there is a reasonable probability that certification would have been granted and that the outcome of his appeal would have been different because he cannot establish the likelihood that our Supreme Court was unaware, or unmindful, of its then very recent decision in *Sanseverino I* when it denied the petition for certification to appeal. See *Fiaschetti* v. *Nash Engineering Co.*, 47 Conn. App. 443, 450, 706 A.2d 476 (it is fair to presume court was aware of previous case law), cert. denied, 244 Conn. 906, 714 A.2d 1 (1998).

On July 1, 2008, our Supreme Court officially released its decision in *Sanseverino I*, supra, 287 Conn. 610. On August 5, 2008, this court officially released its decision in the petitioner's direct appeal. *State* v. *Haywood*, supra, 109 Conn. App. 461. Fourteen days later, on August 19, 2008, our Supreme Court released its decision in *State* v. *DeJesus*, 288 Conn. 418, 437, 953 A.2d 45 (2008), specifically overruling in part *Sanseverino I*.[6] One week after our Supreme Court released its decision in *DeJesus*, Attorney Falk filed the petition for certification to appeal to our Supreme Court from our decision in the petitioner's direct appeal. On September 25, 2008, approximately one month after overruling in part *Sanseverino I* in *DeJesus*, our Supreme Court denied the petitioner's petition for certification to appeal. *State* v. *Haywood*, 289 Conn. 928, 958 A.2d 161 (2008). It strains credulity to believe that our Supreme Court would have forgotten about *Sanseverino I*, especially in light of *DeJesus*, such that it would have needed a specific reference to that case to appreciate fully a claim regarding an allegedly improper modification by the Appellate Court of a judgment of conviction. Accordingly, we are not persuaded that a citation to *Sanseverino I* likely would have resulted in the petition being granted and in a different outcome of the petitioner's direct appeal.

After a careful review of the record and the briefs, and after fully considering the oral arguments of the parties, we conclude that the petitioner failed to demonstrate that the habeas court abused its discretion in denying his petition for certification to appeal. The petitioner has not shown that the issues raised on appeal are debatable among jurists of reason, that they could be resolved in a different manner, or that they deserve encouragement to proceed further.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] A habeas on a habeas occurs when a petitioner files a subsequent petition for a writ of habeas corpus challenging the effectiveness of counsel in litigating a previous petition for a writ of habeas corpus that had claimed ineffective assistance of counsel at the petitioner's underlying criminal trial or on direct appeal. See *Kaddah* v. *Commissioner of Correction*, 324 Conn. 548, 550, 153 A.3d 1233 (2017).

[2] Unrelated to any issue in this matter, this court in the petitioner's direct appeal also reversed the petitioner's conviction of conspiracy to commit robbery in the first degree and remanded the case for a new trial on that

charge. *State* v. *Haywood*, supra, 109 Conn. App. 477. It appears that the state did not pursue further that charge on remand.

[3] *Sanseverino I* was overruled in part by *State* v. *DeJesus*, 288 Conn. 418, 437, 953 A.2d 45 (2008) (holding that proper remedy when kidnapping conviction is reversed is new trial and not judgment of acquittal), superseded in part after reconsideration en banc by *State* v. *Sanseverino*, 291 Conn. 574, 579, 969 A.2d 710 (2009) (ordering modification of defendant's conviction from kidnapping to unlawful restraint), and overruled in part on other grounds by *State* v. *Payne*, 303 Conn. 538, 548, 34 A.3d 370 (2012).

[4] We note the following dates. Oral argument in the petitioner's direct appeal to this court was heard on April 14, 2008. *Sanseverino I* officially was released by our Supreme Court on July 1, 2008. This court officially released its decision in the petitioner's direct appeal on August 5, 2008, approximately one month after our Supreme Court released *Sanseverino I*. See *State* v. *Haywood*, supra, 109 Conn. App. 461. On August 19, 2008, our Supreme Court overruled in part *Sanseverino I* in *State* v. *DeJesus*, 288 Conn. 418, 437, 953 A.2d 45 (2008) ("we are persuaded that our conclusion that there should have been a judgment of acquittal [on the kidnapping charge] in *Sanseverino* [*I*] was incorrect, and that the proper remedy in that case should have been a new trial"). Our Supreme Court denied the petitioner's petition for certification to appeal from our decision in his direct appeal on September 25, 2008, approximately three months after the release of its decision in *Sanseverino I*; see *State* v. *Haywood*, 289 Conn. 928, 958 A.2d 161 (2008); and approximately one month after it specifically overruled *Sanseverino I*. See *State* v. *DeJesus*, supra, 437. We also note that *Sanseverino II*, supra, 291 Conn. 576, was officially released on May 19, 2009, and *State* v. *LaFleur*, supra, 307 Conn. 117, was officially released on September 28, 2012.

In a notice of supplemental authority filed with this court after briefing in the present appeal, the petitioner also directs us to the recent decision of our Supreme Court in *State* v. *Petion*, 332 Conn. 472, 498–507, 211 A.3d 991 (2019).

[5] Although the petitioner had raised as an issue on appeal in his first habeas case the allegation that Attorney Falk had rendered ineffective assistance when he inadequately raised the issue of the judgment modification in his petition for certification to appeal to our Supreme Court, we declined to review the claim because it had not been addressed by the habeas court. See *Haywood* v. *Commissioner of Correction*, supra, 153 Conn. App. 653–54 n.1.

[6] The petitioner does not cite to *DeJesus* in his main appellate or reply brief.

---